[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Hand,* Slip Opinion No. 2016-Ohio-5504.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5504

THE STATE OF OHIO, APPELLEE, *v*. HAND, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Hand,* Slip Opinion No. 2016-Ohio-5504.]

*R.C. 2901.08(A) violates the Due Process Clauses of Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution because it is fundamentally unfair to treat a juvenile adjudication as a previous conviction that enhances either the degree of or the sentence for a subsequent offense committed as an adult—A juvenile adjudication cannot be used to increase a sentence beyond a statutory maximum or mandatory minimum.*

(No. 2014-1814—Submitted December 1, 2015—Decided August 25, 2016.)

APPEAL from the Court of Appeals for Montgomery County, No. 25840, 2014-Ohio-3838.

_____

**SYLLABUS OF THE COURT**

1. R.C. 2901.08(A) violates the Due Process Clauses of Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution because it is fundamentally unfair to treat a juvenile adjudication as a previous conviction that enhances either the degree of or the sentence for a subsequent offense committed as an adult.

2. Because a juvenile adjudication is not established through a procedure that provides the right to a jury trial, it cannot be used to increase a sentence beyond a statutory maximum or mandatory minimum. (*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Alleyne v. United States*, ⸺ U.S. ⸺, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), followed.)

_____

**LANZINGER, J.**

{¶ 1} In this case, we are asked to determine whether it is a violation of due process to treat a juvenile adjudication as the equivalent of an adult conviction for purposes of enhancing a penalty for a later crime. We hold that it is.

**Case Background**

{¶ 2} Appellant, Adrian Hand Jr., entered no-contest pleas in Montgomery County Common Pleas Court in case No. 2012-CR-00650/2 to three first-degree felonies—aggravated burglary in violation of R.C. 2911.11(A)(2), aggravated robbery in violation of R.C. 2911.01.(A)(1), and kidnapping in violation of R.C. 2905.01(A)(2)—and two second-degree felonies—felonious assault in violation of R.C. 2903.11 (A)(1) and (A)(2). Each count had a three-year firearm specification attached to it, and Hand also entered no-contest pleas to the specifications.

{¶ 3} During the plea hearing, the trial court noted that the parties agreed to a total six-year prison term with three of the years being mandatory because they are related to the merged firearm specifications, R.C. 2929.14 and 2941.145, but

that the parties disputed whether the three years for the other offenses was also a mandatory term. The question was whether Hand's prior juvenile adjudication for aggravated robbery under R.C. 2911.01(A)(3) should operate as a first-degree-felony conviction to enhance his sentence. R.C. 2929.13(F)(6) requires a mandatory prison term for a first- or second-degree felony if the offender has previously been convicted of or pled guilty to a first- or second-degree felony.

{¶ 4} After the parties briefed the sentencing issue, the trial court relied on R.C. 2901.08(A) and ruled that Hand's prior juvenile adjudication required imposition of mandatory prison terms under R.C. 2929.13(F). The trial court merged the allied offenses and sentenced him to a mandatory three-year prison term for each of the aggravated-burglary, aggravated-robbery, and felonious-assault counts. These sentences were to be served concurrently with each other but consecutively to the mandatory three-year prison term for the firearm specification, for an aggregate six-year mandatory term of incarceration.

{¶ 5} Hand appealed his sentence. He agreed that the three-year term for the firearm specification was a mandatory term, but he argued that the three-year term for the other offenses should not be mandatory. The Second District Court of Appeals affirmed the trial court's judgment. The appellate court, in a two-to-one decision, rejected Hand's arguments that treating his juvenile adjudication as a prior conviction violated his due-process rights because he was not afforded the right to a jury trial in juvenile court. The court also did not find a violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

{¶ 6} Hand appealed to this court, and we accepted jurisdiction on the following proposition of law:

> The use of a prior juvenile adjudication to enhance an adult sentence violates a defendant's right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution and

Article I, Section 16 of the Ohio Constitution, and the right to trial by jury as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 5 of the Ohio Constitution.

142 Ohio St.3d 1409, 2015-Ohio-1099, 27 N.E.3d 539.

**Analysis**

{¶ 7} The question here is whether a statute that permits a previous juvenile adjudication to count as a prior conviction that enhances a later adult sentence by requiring a mandatory prison term violates due process under *Apprendi*. The statutory language must be examined along with existing case law before we turn to the constitutional question of due process.

*The Statutes Involved: R.C. 2929.13(F)(6) and 2901.08(A)*

{¶ 8} For Hand's first-degree- and second-degree-felony convictions, the trial court was required to impose a mandatory prison term if Hand had previously been convicted of a first- or second-degree felony. R.C. 2929.13(F) provides:

Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under sections 2929.02 to 2929.06, section 2929.14, section 2929.142, or section 2971.03 of the Revised Code and * * * shall not reduce the term or terms pursuant to section 2929.20, section 2967.19, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code for any of the following offenses:

* * *

(6) Any offense that is a first or second degree felony and that is not set forth in division (F)(1), (2), (3), or (4) of this section, *if the offender previously was convicted of or pleaded guilty to* aggravated murder, murder, any first or second degree felony, or an

4

offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to one of those offenses.

(Emphasis added.)

{¶ 9} R.C. 2929.13 does not define the term "convicted," so in determining whether Hand's prior juvenile adjudication should be counted as a prior conviction, the trial court relied on R.C. 2901.08(A), which provides:

> If a person is alleged to have committed an offense and if the person previously has been adjudicated a delinquent child or juvenile traffic offender for a violation of a law or ordinance, * * * the *adjudication as a delinquent child or as a juvenile traffic offender is a conviction* for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed upon the person relative to the conviction or guilty plea.

(Emphasis added.) Thus, when read together, the two statutes say a juvenile adjudication counts as a previous conviction that can enhance either the degree of a later offense or a subsequent sentence to include mandatory prison time.

{¶ 10} This court has mentioned R.C. 2901.08 in its opinions only four times, and the statute was actually at issue in only one of them. *See State v. Adkins*, 129 Ohio St.3d 287, 2011-Ohio-3141, 951 N.E.2d 766; *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729; *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341; *State v. Bode*, 144 Ohio St.3d 155, 2015-Ohio-1519, 41 N.E.3d 1156. In *Adkins*, we held that a juvenile adjudication could count as one

of the five offenses used to enhance a charge of operating a motor vehicle while under the influence of alcohol ("OVI") under R.C. 4511.19(A)(1)(a). In that case, however, the issue was whether R.C. 2901.08 was unconstitutionally retroactive, and we held that it was not, because the OVI statute did not add an additional punishment to the juvenile disposition but rather punished the defendant for the current offense. *Id.* at ¶ 15. The juvenile adjudication was unaffected and remained a juvenile adjudication. *Id.* at ¶ 19. *Howard*, *In re C.P.*, *and Bode* did no more than mention the holding in *Adkins*, and none of the four cases provided an analysis of due process. Hand, however, contends that treating his juvenile adjudication as a conviction violates his due-process rights under the Ohio and United States Constitutions and is inconsistent with *Apprendi*.

*Due Process and the Juvenile Court*

{¶ 11} Hand asserts that his right to due process was violated when his past juvenile adjudication was used to make his prison term mandatory. Article I, Section 16 of the Ohio Constitution provides: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." The "due course of law" provision is the equivalent of the "due process of law" provision in the Fourteenth Amendment to the United States Constitution. *Direct Plumbing Supply Co. v. Dayton*, 138 Ohio St. 540, 544, 38 N.E.2d 70 (1941).

{¶ 12} "For all its consequence, 'due process' has never been, and perhaps can never be, precisely defined." *Lassiter v. Dept. of Social Servs. of Durham Cty., North Carolina*, 452 U.S. 18, 24, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). It is a flexible concept that varies depending on the importance attached to the interest at stake and the particular circumstances under which the deprivation may occur. *Walters v. Natl. Assn. of Radiation Survivors*, 473 U.S. 305, 320, 105 S.Ct. 3180, 87 L.Ed.2d 220 (1985). "Applying the Due Process Clause is therefore an uncertain enterprise which must discover what 'fundamental fairness' consists of in a

6

particular situation by first considering any relevant precedents and then by assessing the several interests that are at stake." *Lassiter* at 24-25.

{¶ 13} The court of appeals rejected Hand's due-process claims with little analysis. The dissenting appellate judge, however, commented that "[t]here are a significant number of law review articles which question on due process grounds whether juvenile court adjudications should be considered the equivalent of criminal convictions for purposes of sentence enhancement statutes." 2d Dist. Montgomery No. 25840, 2014-Ohio-3838, at ¶ 11 (Donovan, J., dissenting). She concluded that it is inconsistent to deem juvenile adjudications civil for some purposes but criminal for the purpose of classifying them as prior convictions for sentencing enhancements. *Id*. at ¶ 12. When we examine the nature of the juvenile system, the accuracy of this statement becomes apparent. Juvenile law and criminal law are not synonymous.

{¶ 14} Juvenile courts hold a "unique place in our legal system." *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 65. They are legislative creatures that "eschewed traditional, objective criminal standards and retributive notions of justice." *Id.* at ¶ 66. The overriding purposes for juvenile dispositions "are to provide for the care, protection, and mental and physical development of children subject to [R.C. Chapter 2152], protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim, and rehabilitate the offender." R.C. 2152.01(A). In contrast, the purposes of felony sentencing "are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In summary, juvenile adjudication differs from criminal sentencing—one is civil and rehabilitative, the other is criminal and punitive.

{¶ 15} Although juvenile-court proceedings are civil in nature, *In re Anderson*, 92 Ohio St.3d 63, 65, 748 N.E.2d 67 (2001), the state's role as parens patriae in juvenile court has become clouded as increased penalties restrict the

personal liberty of juveniles, *In re C.S.* at ¶ 66-70; *State v. D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209, ¶ 40. As a result, we have held that "numerous constitutional safeguards normally reserved for criminal prosecutions are equally applicable to juvenile delinquency proceedings." *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 26. Those constitutional safeguards are rooted in the Due Process Clauses of Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution. *D.H.* at ¶ 44; *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 70.

{¶ 16} We have recognized that juveniles have the right to counsel during juvenile proceedings, *In re C.S.* at ¶ 79, and that the state may not use a prior, uncounseled juvenile adjudication to enhance a sentence for a later violation of R.C. 4511.19, unless there is evidence of a valid waiver of counsel, *State v. Bode*, 144 Ohio St.3d 155, 2015-Ohio-1519, 41 N.E.3d 1156, syllabus. Juvenile proceedings are also covered by the constitutional protections against self-incrimination and double jeopardy. *See In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921, ¶ 17; *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 26.

{¶ 17} We have held that automatic imposition of the most serious sex-offender classification, Tier III, on a juvenile offender who received a serious-youthful-offender disposition undercuts the rehabilitative purpose of Ohio's juvenile system and violates due process. *In re C.P.* at ¶ 85. We recently held that the statutory presumption of voluntariness of a recorded custodial statement is unconstitutional as applied to juveniles. *State v. Barker*, ___Ohio St.3d ___, 2016-Ohio-2708, __N.E.3d ___, ¶ 44.

{¶ 18} Our state jurisprudence does not run afoul of the United States Supreme Court's. "[N]either the Fourteenth Amendment nor the Bill of Rights is for adults alone." *In re Gault*, 387 U.S. 1, 13, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The United States Supreme Court has held that juveniles are entitled to basic constitutional protections such as the right to counsel, the right to receive notice of

the charges alleged, the privilege against self-incrimination, the application of the proof-beyond-a-reasonable-doubt standard, and the protection against double jeopardy. *Schall v. Martin*, 467 U.S. 253, 263, 104 S.Ct. 2403, 81 L.Ed.2d 207 (1984). It has also held that the Eighth Amendment prohibits the imposition of the death penalty, the imposition of life without the possibility of parole for nonhomicide offenses, and the imposition of mandatory life-without-parole sentences on those who committed the crimes as juveniles. *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005); *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010); *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).

{¶ 19} But even though juveniles have been afforded many constitutional safeguards, there is still one important right that is not required in juvenile proceedings under the federal constitution—the right to trial by jury. *McKeiver v. Pennsylvania*, 403 U.S. 528, 545, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). We have reached this same conclusion with regard to our state constitution. *In re Agler*, 19 Ohio St.2d 70, 77-78, 249 N.E.2d 808 (1969). Because the very purpose of the state juvenile code is "to avoid treatment of youngsters as criminals and insulate them from the reputation and answerability of criminals," we declared that there was no need to afford the right in juvenile proceedings. *Id.* at 80.

{¶ 20} Hand argues that this lack of a right to a jury trial for juveniles is the reason why using his adjudication against him is a due-process violation. He contends that the use of a juvenile adjudication in a later adult criminal proceeding to require a mandatory sentence "undermines the careful balance of due-process rights required in the juvenile justice system" and denies a key protection that underlies *Apprendi*—the right to a jury trial. Although the state acknowledges that the juvenile and adult systems are different, the state focuses on recidivism and contends that the legislature should be allowed to factor a prior juvenile adjudication into an adult sentence. However, there is a significant difference

between allowing a trial judge to consider an adjudication during adult sentencing and requiring a mandatory prison term to be imposed because of it.

Apprendi *and Juvenile Adjudications*

**{¶ 21}** In *Apprendi*, the United States Supreme Court determined that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435. The court held that the Fourteenth Amendment demanded no less of state statutes. *Id.*

**{¶ 22}** The United States Supreme Court expanded *Apprendi*'s holding and held that facts increasing a mandatory minimum sentence must also be submitted to a jury and found beyond a reasonable doubt. *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 2162-2163, 186 L.Ed.2d 314 (2013).

**{¶ 23}** Two Ohio appellate courts have addressed whether R.C. 2901.08(A)'s treatment of juvenile adjudications as adult convictions violates due process and *Apprendi*. The Eighth District determined that there was no violation because there was no indication that the defendant was not afforded the appropriate due process in his juvenile proceeding and thus the juvenile adjudication was sufficiently reliable to satisfy the *Apprendi* exception for prior convictions. *State v. Parker*, 8th Dist. Cuyahoga No. 97841, 2012-Ohio-4741, ¶ 24.

**{¶ 24}** The Second District in this case and in *State v. Carver*, 2d Dist. Montgomery No. 25804, 2014-Ohio-3635, reached a similar result. In *Carver*, it stated that because there is no constitutional right to a jury trial for juvenile offenders, there is no denial of due process on that basis. *Id.* at ¶ 13.

**{¶ 25}** Federal circuit courts have also considered whether nonjury juvenile adjudications can be characterized as prior convictions. *See Welch v. United States*, 604 F.3d 408 (7th Cir.2010); *United States v. Wright*, 594 F.3d 259 (4th Cir.2010); *United States v. Crowell*, 493 F.3d 744 (6th Cir.2007); *United States v. Burge*, 407

10

F.3d 1183 (11th Cir.2005); *United States v. Jones*, 332 F.3d 688 (3d Cir.2003); *United States v. Smalley*, 294 F.3d 1030 (8th Cir.2002); *United States v. Tighe*, 266 F.3d 1187 (9th Cir.2001). These cases involve the Armed Career Criminal Act, 18 U.S.C. 924(e), which increases the sentence for certain defendants convicted of being a felon in possession of a firearm in violation of 18 U.S.C. 922(g). A conviction for 18 U.S.C. 922(g) is generally punishable by a maximum prison sentence of ten years. 18 U.S.C. 924(a)(2). However, if the convicted felon is found to have three previous convictions for a violent felony, a minimum term of 15 years is required. 18 U.S.C. 924(e)(1). The federal act expressly defines the term "conviction" to include "a finding that a person has committed an act of juvenile delinquency involving a violent felony." 18 U.S.C. 924(e)(2)(C).

{¶ 26} The majority of the federal circuit courts that have considered the issue have held that the lack of a right to a jury trial in juvenile proceedings does not prevent a court from using an adjudication to enhance a sentence under 18 U.S.C. 924(e). *See Welch*, 604 F.3d at 426; *Wright*, 594 F.3d at 264; *Crowell*, 493 F.3d at 750; *Burge*, 407 F.3d at 1190; *Jones*, 332 F.3d at 696; *Smalley*, 294 F.3d at 1032. These courts reasoned that *Apprendi* specifically excluded prior convictions from its general rule that sentence enhancements could not be premised on facts not determined by a jury, because procedural safeguards—the right to a jury trial and the right to have guilt proved beyond a reasonable doubt—buttress the prior convictions. *See Welch*, 604 F.3d at 427; *Wright*, 594 F.3d at 264; *Crowell*, 493 F.3d at 750; *Burge*, 407 F.3d at 1190; *Jones*, 332 F.3d at 696; *Smalley*, 294 F.3d at 1032. But these courts held that juvenile adjudications have sufficient procedural safeguards to render them reliable enough to satisfy *Apprendi*'s exception even though the juvenile did not have the right to a trial by jury. *See Welch*, 604 F.3d at 428-429; *see also Smalley*, 294 F.3d at 1032-1033; *Crowell*, 493 F.3d at 750; *Jones*, 332 F.3d at 696.

**{¶ 27}** The Ninth Circuit, however, held that nonjury juvenile adjudications may not be considered prior convictions that satisfy the *Apprendi* exception. *Tighe*, 266 F.3d at 1191-1195. In *Tighe*, the Ninth Circuit quoted the following language from *Apprendi*:

"There is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof."

*Id.* at 1194, quoting *Apprendi*, 530 U.S. at 496, 120 S.Ct. 2348, 147 L.Ed.2d 435.

**{¶ 28}** The Ninth Circuit interpreted this language to require that "the 'prior conviction' exception to *Apprendi*'s general rule must be limited to prior convictions that were themselves obtained through proceedings that included the right to a jury trial and proof beyond a reasonable doubt." *Id.* Accordingly, the court held that the defendant's sentence could not stand, because he had not been afforded the right to trial by jury in one of the prior adjudications relied upon to enhance his sentence. *Id.* at 1194-1195.

**{¶ 29}** The dissenter in *Welch* agreed with *Tighe*'s holding and stressed the differences between the juvenile and adult systems:

The constitutional protections to which juveniles have been held to be entitled have been designed with a different set of objectives in mind than just recidivist enhancement. So the mere fact that a juvenile had all the process he was entitled to doesn't make his juvenile conviction equivalent, for purposes of recidivist enhancements, to adult convictions.

12

* * *

* * * And because the philosophy on which the juvenile court system was founded emphasizes protecting the "best interests of the child" and rehabilitating rather than punishing the child, the culture of the juvenile courts discourages zealous adversarial advocacy even though in its current form the juvenile justice system is much more punitive than its founders envisaged. Lawyers also appear to be reluctant to appeal juvenile cases and to seek postconviction relief; heavy caseloads, a prevalent view that appeals undermine the rehabilitation process, and an absence of awareness among juveniles of their appeal rights are the likely reasons for this reluctance.

*Welch*, 604 F.3d at 431-432 (Posner, J., dissenting).

{¶ 30} State supreme courts also are divided on this issue. *Compare State v. Harris*, 339 Or. 157, 175, 118 P.3d 236 (2005) (the Sixth Amendment requires a juvenile adjudication that is offered as an enhancement factor to increase a criminal sentence to either be proved to a trier of fact or be admitted by a defendant) and *State v. Brown*, 879 So.2d 1276, 1289 (La.2004) (holding that a juvenile "adjudication should not be counted as a 'prior conviction' for *Apprendi* purposes"), *with Ryle v. State*, 842 N.E.2d 320, 323 (Ind.2005) (holding that juvenile adjudications are prior convictions for purposes of the *Apprendi* exception and indicating that "[t]he main concern [in *Apprendi*] was whether the prior conviction's procedural safeguards ensured a reliable result, not that there had to be a right to a jury trial") and *State v. Hitt*, 273 Kan. 224, 42 P.3d 732 (2002), paragraph one of syllabus ("Juvenile adjudications are included within the historical cloak of recidivism and enjoy ample procedural safeguards; therefore, the *Apprendi* exception for prior convictions encompasses juvenile adjudications").

**{¶ 31}** We do not agree with the view adopted by the majority of courts in other jurisdictions and find the reasoning in *Tighe* to be more persuasive. Under *Apprendi*, a fact cannot be used to increase the penalty for a crime beyond the prescribed statutory maximum unless it is submitted to a jury and proved beyond a reasonable doubt or is admitted to by the defendant. *Id.*, 530 U.S. at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435. The one exception to that rule is that a prior conviction can be used to increase the penalty without being submitted to the jury. *Id.* But prior convictions are treated differently only because "unlike virtually any other consideration used to enlarge the possible penalty for an offense, * * * a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees." *Jones v. United States*, 526 U.S. 227, 249, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). Thus, at the heart of *Apprendi*'s narrow exception is the concept that the prior conviction was the result of a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt.

**{¶ 32}** The significant expansion of *Apprendi*'s prior-conviction exception to include juvenile adjudications is at odds with the United States Supreme Court's unwavering commitment to a narrow definition of a prior conviction. The proper inquiry under *Apprendi* is not simply whether juvenile adjudications are deemed to be reliable, but whether the juveniles were afforded the right to a jury. *See id.* at 498-499 (Scalia, J., concurring).

**{¶ 33}** The right to a jury trial "is no mere procedural formality, but a fundamental reservation of power in our constitutional structure." *Blakely v. Washington*, 542 U.S. 296, 305-306, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). "[T]he Sixth and Fourteenth Amendments guarantee a jury standing between a defendant and the power of the State, and they guarantee a jury's finding of any disputed fact essential to increase the ceiling of a potential sentence." *Shepard v. United States*, 544 U.S. 13, 25, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (plurality

opinion). That is, the jury- trial right is not primarily focused on the reliability of the jury's conclusions drawn from the facts, but rather on preventing the state from drawing conclusions from the facts without using a jury.

{¶ 34} Given the United States Supreme Court's emphatic pronouncements on the importance of the right to a jury trial, it is logical to conclude that the court meant to limit the prior-conviction exception to prior proceedings that satisfied the jury-trial guarantee. Because a juvenile adjudication is not established through a procedure that provides the right to a jury trial, it cannot be used to increase a sentence beyond a statutory maximum or mandatory minimum.

{¶ 35} In his amicus curiae brief, the Ohio Attorney General argues that if treating a juvenile adjudication as a conviction under R.C. 2901.08(A) violates due process, the remedy is to present the fact of the prior juvenile adjudication to the jury, not to declare R.C. 2901.08(A) unconstitutional. The determination that a jury trial is not constitutionally necessary in juvenile-court proceedings is predicated on the juvenile system's purpose to " 'combine flexible decision-making with individualized intervention to treat and rehabilitate offenders rather than to punish offenses.' " *In re Anderson*, 92 Ohio St.3d at 65, 748 N.E.2d 67, quoting Rossum, *Holding Juveniles Accountable: Reforming America's "Juvenile Injustice System,"* 22 Pepperdine L.Rev. 907, 912 (1995). In order to continue holding that a jury trial is not required for juveniles, we must maintain the civil nature of juvenile adjudications. It is contradictory and fundamentally unfair to allow juvenile adjudications that result from these less formal proceedings to be characterized as criminal convictions that may later enhance adult punishment.

{¶ 36} We already have limited the use of prior convictions in other scenarios. An uncounseled prior conviction may not be used to enhance the penalty of a violation of R.C. 4511.19 without evidence of a valid waiver of counsel. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024. The right to a jury trial is fundamental to due process just as the right to counsel is fundamental.

But in juvenile proceedings, there is no right to a jury because the focus is on rehabilitation rather than punishment. To convert an adjudication into a conviction when the adjudication process did not provide the right to have a jury test the elements of that offense offends due process and *Apprendi* and thus the state cannot treat a prior juvenile adjudication as a prior conviction to enhance the penalty for a subsequent conviction.

{¶ 37} For the foregoing reasons, we hold that R.C. 2901.08(A) violates the Due Process Clauses of Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution because it is fundamentally unfair to treat a juvenile adjudication as a previous conviction that enhances either the degree of or the sentence for a subsequent offense committed as an adult.

### Conclusion

{¶ 38} Treating a juvenile adjudication as an adult conviction to enhance a sentence for a later crime is inconsistent with Ohio's system for juveniles, which is predicated on the fact that children are not as culpable for their acts as adults and should be rehabilitated rather than punished. It is widely recognized that juveniles are more vulnerable to outside pressures, including the pressure to admit to an offense. Under *Apprendi*, using a prior conviction to enhance a sentence does not violate the constitutional right to due process, because the prior process involved the right to a jury trial. Juveniles, however, are not afforded the right to a jury trial. Quite simply, a juvenile adjudication is not a conviction of a crime and should not be treated as one.

{¶ 39} For the foregoing reasons, the judgment of the Montgomery County Court of Appeals is reversed, and the cause is remanded to the trial court for resentencing.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and PFEIFER and O'NEILL, JJ., concur.

O'DONNELL, J., dissents, with an opinion joined by KENNEDY and FRENCH, JJ.

_____

**O'DONNELL, J., dissenting.**

{¶ 40} Respectfully, I dissent.

{¶ 41} A statute authorizing the use of a prior juvenile delinquency adjudication to enhance an adult sentence from a nonmandatory to a mandatory term does not violate due process or run afoul of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The prior juvenile adjudication of Adrian Hand as delinquent for having committed an offense that if committed by an adult would have been aggravated robbery is res judicata as to procedure and substance, and therefore the trial court properly relied on it to impose a mandatory prison term pursuant to R.C. 2929.13(F) for his adult aggravated burglary, aggravated robbery, and felonious assault convictions.

{¶ 42} The General Assembly has denoted in R.C. 2929.13(F)(6):

Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under sections 2929.02 to 2929.06, section 2929.14, section 2929.142, or section 2971.03 of the Revised Code and * * * shall not reduce the term or terms pursuant to section 2929.20, section 2967.19, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code for any of the following offenses:

* * *

(6) Any offense that is a first or second degree felony and that is not set forth in division (F)(1), (2), (3), or (4) of this section, if the offender previously was convicted of or pleaded guilty to

aggravated murder, murder, any first or second degree felony, or an offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to one of those offenses.

**{¶ 43}** Because juvenile offenders are not convicted of offenses by juvenile courts but rather are adjudicated as delinquent, some confusion exists as to whether a juvenile adjudication should be used to enhance an adult criminal sentence imposed by a sentencing judge. That confusion however, is addressed by the legislature in R.C. 2901.08(A), which provides:

If a person is alleged to have committed an offense and if the person previously has been adjudicated a delinquent child or juvenile traffic offender for a violation of a law or ordinance, * * * *the adjudication as a delinquent child* or as a juvenile traffic offender *is a conviction* for a violation of the law or ordinance *for purposes of determining the offense* with which the person should be charged *and*, if the person is convicted of or pleads guilty to an offense, *the sentence to be imposed* upon the person relative to the conviction or guilty plea.

(Emphasis added.)

**{¶ 44}** The plain language of this statute is unambiguous in my view and resolves any question that a prior juvenile delinquency adjudication is a prior conviction for purposes of imposing a mandatory prison term under R.C. 2929.13(F)(6).

**{¶ 45}** In *Apprendi*, the United States Supreme Court held that "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime

beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435. (Emphasis added.)

{¶ 46} A majority of federal and state court decisions agree and have held that a juvenile delinquency adjudication can be used to enhance a sentence under 18 U.S.C. 924(e), the Armed Career Criminal Act ("ACCA"), even though there is no right to a jury trial in juvenile proceedings. *See United States v. Jones*, 332 F.3d 688, 696 (3d Cir.2003) ("A prior nonjury juvenile adjudication that was afforded all constitutionally-required procedural safeguards can properly be characterized as a prior conviction for *Apprendi* purposes"); *United States v. Wright*, 594 F.3d 259, 264 (4th Cir.2010) ("As the ACCA expressly provides for qualifying juvenile adjudications to be used as predicate offenses and the Constitution in no way forbids it, the district court was correct not to discount the fact that Wright burgled firearms on three separate occasions during his delinquent youth. The fact that juries are not constitutionally required in juvenile adjudications does nothing to impeach this fact"); *United States v. Crowell*, 493 F.3d 744, 750 (6th Cir.2007) ("We now explicitly hold that the use of procedurally sound juvenile adjudications as ACCA predicates does not violate due process"); *Welsh v. United States*, 604 F.3d 408, 429 (7th Cir.2010) ("We agree with other circuits that the protections juvenile defendants receive—notice, counsel, confrontation and proof beyond a reasonable doubt—ensure that the proceedings are reliable. Therefore, because juvenile adjudications are reliable, they are not subject to the *Apprendi* rule"); *United States v. Smalley*, 294 F.3d 1030, 1033 (8th Cir.2002) ("We therefore conclude that juvenile adjudications can rightly be characterized as 'prior convictions' for *Apprendi* purposes"); *United States v. Burge*, 407 F.3d 1183, 1191 (11th Cir.2005), quoting *Jones,* 332 F.3d at 696 ("Accordingly, '[a] prior nonjury juvenile adjudication that was afforded all constitutionally-required procedural

safeguards can properly be characterized as a prior conviction for *Apprendi* purposes' ").

**{¶ 47}** In *Crowell*, the Sixth Circuit held that "the use of procedurally sound juvenile adjudications as ACCA predicates does not violate due process." 493 F.3d at 750. The court noted that Congress has the power " 'to treat prior convictions as sentencing factors subject to a lesser standard of proof because the defendant received all process that was due when convicted—for adults that includes the right to a jury trial; for juveniles it does not.' " *Id.*, quoting *Jones*, 332 F.3d at 695. Thus, the court concluded that "[j]uvenile adjudications, where the defendant has the right to notice, the right to counsel, the privilege against self-incrimination, the right to confront and cross-examine witnesses, and the right to a finding of guilt beyond a reasonable doubt, provide sufficient procedural safeguards to satisfy the reliability requirement that is at the heart of *Apprendi*." *Id.*

**{¶ 48}** And the majority in today's decision is at odds with decisions on this issue from state supreme courts in Kansas, Indiana, Minnesota, Washington, and California. *State v. Hitt*, 273 Kan. 224, 236, 42 P.3d 732 (2002) ("Juvenile adjudications are included within the historical cloak of recidivism and enjoy ample procedural safeguards; therefore, the *Apprendi* exception for prior convictions encompasses juvenile adjudications. Juvenile adjudications need not be charged in an indictment or proven to a jury beyond a reasonable doubt before they can be used in calculating a defendant's criminal history score under the Kansas Sentencing Guidelines Act"); *Ryle v. State*, 842 N.E.2d 320, 321-322 (Ind.2005) ("The federal circuits are divided over whether juvenile adjudications are an exception to the *Apprendi* requirement that all facts used to enhance a sentence over the statutory maximum must be found by a jury beyond a reasonable doubt. *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348 [147 L.Ed.2d 435]. The Third, Eighth, and Eleventh Circuits have held that they are. * * * Our analysis of *Apprendi* leads us to conclude that the Third, Eighth, and Eleventh Circuits are right"); *State v.*

*McFee*, 721 N.W.2d 607, 619 (Minn.2006) ("We hold that, in calculating a defendant's criminal history score, a defendant does not have a Sixth Amendment right to a jury determination of the fact of a prior juvenile adjudication"); *State v. Weber*, 159 Wash.2d 252, 149 P.3d 646, ¶ 21 (2006) ("we hold that juvenile adjudications are convictions for the purposes of *Apprendi*'s prior conviction exception. Therefore, we affirm the court of appeals' determination that Weber's due process and jury trial rights are not violated by including Weber's juvenile adjudication in his offender score"); *People v. Nguyen*, 46 Cal.4th 1007, 1019, 209 P.3d 946 (2009) ("we agree with the majority view that the Fifth, Sixth, and Fourteenth Amendments, as construed in *Apprendi*, do not preclude the sentence-enhancing use, against an adult felon, of a prior valid, fair, and reliable adjudication that the defendant, while a minor, previously engaged in felony misconduct, where the juvenile proceeding included all the constitutional protections applicable to such matters, even though these protections do not include the right to jury trial").

**{¶ 49}** No right to a jury trial exists in juvenile proceedings under the United States or Ohio Constitutions. *McKeiver v. Pennsylvania*, 403 U.S. 528, 545, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); *In re Agler*, 19 Ohio St.2d 70, 249 N.E.2d 808 (1969), paragraph two of the syllabus. However, as this court stated in *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775, N.E.2d 829, ¶ 26,

> numerous constitutional safeguards normally reserved for criminal prosecutions are equally applicable to juvenile delinquency proceedings. [*In re Anderson*, 92 Ohio St.3d 63] 66, 748 N.E.2d 67 [2001], citing *In re Gault,* 387 U.S. 1, 31-57, 87 S.Ct. 1428, 18 L.Ed.2d 527 [1967] (holding that various Fifth and Sixth Amendment protections apply to juvenile proceedings), and *In re Winship* (1970), 397 U.S. 358, 365-368, 90 S.Ct. 1068, 25 L.Ed.2d 368 (holding that the state must prove juvenile delinquency beyond

a reasonable doubt); see, also, *Breed* [*v. Jones*], 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 [1975] (holding that a delinquency proceeding places a juvenile in jeopardy for purposes of the Double Jeopardy Clause); *In re Melvin J.* (2000), 81 Cal.App.4th 742, 759-760, 96 Cal.Rptr.2d 917 (relying on *Gault, Winship,* and *Breed* to hold that ex post facto principles apply to juvenile proceedings).

{¶ 50} Accordingly, imposing a mandatory sentence under R.C. 2929.13(F) based on a prior nonjury juvenile adjudication does not violate due process or run afoul of *Apprendi*, and therefore, the trial court did not violate Hand's right to due process by imposing a mandatory term based on his prior delinquency adjudication for an offense that would have been aggravated robbery if he had been convicted of it as an adult.

{¶ 51} Hand acknowledges that Ohio law and case authority from the Sixth Circuit Court of Appeals do not support his position that using a juvenile adjudication as a prior conviction for purposes of enhancing an adult sentence from a nonmandatory to a mandatory term violates due process and *Apprendi*, and urges that he is arguing for a change in existing law. That change, however, involves a policy consideration involving Ohio law and is not appropriate for judicial decree, but rather should emanate, if at all, from the policy making branch of government, the General Assembly in the State of Ohio.

{¶ 52} Accordingly, I respectfully dissent from the decision of the majority in this case, and I would affirm the judgment of the court of appeals.

KENNEDY and FRENCH, JJ., concur in the foregoing opinion.

—————————————

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Andrew T. French, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Stephen A. Goldmeier, Assistant Public Defender, for appellant.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, and Peter T. Reed, Deputy Solicitor, urging affirmance for amicus curiae, Ohio Attorney General.

_____