[Cite as *State v. Morris*, 2018-Ohio-4295.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

     Plaintiff-Appellee,                       :

v.                                               :                    No. 18AP-180
                                                                  (C.P.C. No. 15CR-6040)
Keivon J. Morris,                                :
                                                                  (REGULAR CALENDAR)
     Defendant-Appellant.                      :

D E C I S I O N

Rendered on October 23, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie B. Swanson*, for appellee.

**On brief:** *Brian J. Rigg*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Keivon J. Morris is appealing from various rulings in his criminal case. He assigns three errors for our consideration:

> [I.] THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE AND TESTIMONY OF THE TRAFFIC STOP.
>
> [II.] THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO DISMISS THE INDICTMENT OF HAVING WEAPONS UNDER DISABILITY.
>
> [III.] DEFENDANT-APPELLANT WAS DENIED A FAIR TRIAL WHEN A TRIAL JUDGE DENIED A MOTION TO WITHDRAW HIS GUILTY PLEA.

{¶ 2}   Morris was charged with three separate crimes involving firearms. One was the improper handling of a firearm in a motor vehicle in violation of R.C. 2923.16. The second was carrying a concealed weapon in violation of R.C. 2923.12. The third was possessing a firearm while under disability in violation of R.C. 2923.13. Eventually, he entered pleas of no contest to the three charges, was found guilty, and sentenced. He was placed on community control.

{¶ 3}   A motion to suppress was litigated which revealed that on August 29, 2015, members of the Columbus Division of Police ("CPD") were conducting surveillance at a business called Club Xclusive. A Chrysler entered the parking lot for the club and three African American males got out. A short time later, one of the Columbus police detectives reported that a group of men were running toward the front entrance to Club Xclusive. The men stopped and one of them ran toward the Chrysler. That one was Keivon Morris.

{¶ 4}   A police detective testified that Morris was holding his waistband with his right hand. Morris got into the Chrysler and closed the door. Police then removed him at gunpoint from the Chrysler.

{¶ 5}   Police searched the Chrysler and found a .40 caliber firearm on the rear passenger floorboard.

{¶ 6}   The motion to suppress asserted that the search of the Chrysler was an illegal search under the Fourth Amendment to the United States Constitution. Since no warrants were involved the duty to justify the warrantless search falls on the state of Ohio.

{¶ 7}   The state of Ohio emphasizes that there was a report of shots being fired inside Club Xclusive. Several people were running from the area of the club. Morris was seen running back to the Chrysler holding his waistband. One of the police detectives inferred that Morris was holding onto a firearm stuck in his waistband.

{¶ 8}   According to police testimony, Club Xclusive had a history of gang activity at the club and violence accompanying that activity.

{¶ 9}   Morris started running toward a police officer and then turned and ran back toward the Chrysler, disregarding police calls for him to "stop." He entered the Chrysler and bent forward. To the viewing police this implied that Morris was getting a firearm off

his person and concealing it in the car. The search conducted immediately after revealed a firearm, as expected by the officers.

{¶ 10} The state of Ohio initially argued that Morris did not have standing to contest the search of the Chrysler. The state's argument on this point has no merit under this set of facts. Morris was being pursued by police detectives who were ordering him to stop. He got into a car and apparently put a weapon down. Police then apprehended him at gunpoint and searched the area where they believed he had placed an object. His standing to contest the search was not and is not an issue.

{¶ 11} The state of Ohio argues also that the police had a reasonable suspicion of Morris being involved in criminal activity which justified further investigation and investigatory stop. Applying the case law from the Supreme Court of Ohio, especially *State v. Andrews*, 57 Ohio St.3d 86 (1991). This argument has merit.

{¶ 12} Police arrived at a location when shots had just been fired. They had a duty to investigate and did so.

{¶ 13} Morris did not arrive before the shots were fired, but ran toward the entrance while most people were fleeing. He apparently was holding onto something heavy in his waistband. He refused to stop when ordered to do so. He acted like he was getting rid of the heavy object and hiding it in the Chrysler. The police had the right to investigate.

{¶ 14} The first assignment of error is overruled.

{¶ 15} The second assignment of error focuses on the ability of police to use a juvenile adjudication to increase criminal penalties or to create new charges. The appellant's argument on the second assignment of error relies heavily on a ruling from the Supreme Court of Ohio in *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, which appellant asserts bars the use of juvenile convictions as proof of elements of an offense.

{¶ 16} Here, the whole basis for asserting that Morris was under a disability was a juvenile adjudication. However, the Supreme Court of Ohio in a new case recently ruled this is a permissible use of a juvenile adjudication. We follow the Supreme Court of Ohio's recent ruling in *State v. Carnes*,         Ohio St.3d         , 2018-Ohio-3256.

{¶ 17} The second assignment of error is overruled.

{¶ 18} The third assignment of error asserts that the trial court erred in not allowing Morris to withdraw his no contest pleas prior to sentencing. We believe that the trial court properly analyzed the situation and acted within its discretion in refusing to allow withdrawal of the pleas.

{¶ 19} The third assignment of error is overruled.

{¶ 20} All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT & SADLER, JJ., concur.

———————————