[Cite as *State v. Vinson*, 2021-Ohio-4376.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 21 CAA 04 0020 |
| MARQUIS ANDRE VINSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:      Appeal from the Delaware County Court
                                                        of Common Pleas, Case No. 20 CR I 10
                                                        0683

JUDGMENT:                                    Affirmed

DATE OF JUDGMENT ENTRY:        December 8, 2021

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

MELISSA A. SCHIFFEL                     WILLIAM T. CRAMER
Delaware County Prosecuting Attorney      470 Olde Worthington Road, Suite #200
                                                        Worthington, Ohio 43082
JAQUELINE JAEL RAPIER
Delaware County Assistant Prosecutor
145 N. Union Street, 3rd Floor
Delaware, Ohio 43015

*Hoffman, P.J.*

{¶1}   Defendant-appellant Marquis Vinson appeals the judgment entered by the Delaware County Common Pleas Court convicting him following his guilty pleas to failure to comply with the order or signal of a police officer (R.C. 2921.331(B)), having weapons while under disability (R.C. 2923.13(A)(2)), and vandalism (R.C. 2909.05(B)(2)), and sentencing him to an aggregate term of incarceration of 33 months.  Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}   In October, 2020, the Ohio State Highway Patrol received a report of a stolen vehicle.  In conjunction with this call, a trooper attempted to stop a vehicle driven by Appellant.  Appellant failed to comply.  The vehicle Appellant was driving was equipped with an OnStar device which, based on instructions from a person controlling the device, began to deactivate the vehicle accelerator.  The trooper then attempted to initiate the traffic stop again, but Appellant failed to comply with the order.  The vehicle traveled at a rate of about 60 mph for some distance, during which time the trooper saw the driver open the door of the vehicle and toss out a handgun.  The vehicle swerved into the driver's side of the trooper's vehicle, then went left of center before coming to a stop in a group of trees.

{¶3}   Appellant was taken into custody.  Troopers searched the area where the pursuing trooper observed Appellant toss a handgun from the vehicle, and located a 9 mm weapon.

{¶4}   On October 30, 2020, Appellant was indicted by the Delaware County Grand Jury with one count of failure to comply with the order or signal of a police officer, one count of having weapons under disability, and one count of vandalism.  He entered

pleas of guilty to all counts of the indictment and was convicted as charged. Appellant was sentenced to eighteen months incarceration for failure to comply with the order or signal of a police officer, nine months incarceration for having a weapon under disability, and six months incarceration for vandalism, to be served consecutively for an aggregate term of incarceration of 33 months. The trial court recognized R.C. 2921.331(D) requires any prison term on the failure to comply charge be served consecutive to any other prison term. In ordering the vandalism and having a weapon under disability charges to be served consecutively, the trial court found consecutive sentences necessary to protect the public from future crime and to punish Appellant, and found consecutive sentences are not disproportionate to the seriousness of Appellant's conduct and the danger Appellant poses to the public. The trial court specifically found Appellant's history of unlawful conduct demonstrates consecutive sentences are necessary to protect the public from future crime by Appellant. In so ruling, the trial court considered Appellant's record of juvenile delinquency adjudications.

{¶5} It is from the March 23, 2021 judgment of the trial court Appellant prosecutes this appeal, assigning as error:


THE TRIAL COURT VIOLATED DUE PROCESS AND R.C. 2929.14(C)(4) BY IMPOSING CONSECUTIVE SENTENCE BASED ON APPELLANT'S JUVENILE ADJUDICATIONS.


{¶6} Appellant argues the trial court erred in relying on his juvenile record of delinquency adjudications in finding his history of unlawful conduct demonstrated

consecutive sentences are necessary to protect the public from future crime by Appellant, relying on the Ohio Supreme Court's decision in *State v. Hand,* 149 Ohio St. 3d 94, 2016-Ohio-5504, 73 N.E.3d 448.

**{¶7}**    R.C. 2929.14(C)(4) provides:

(C)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶8} Our standard of review of sentencing is set forth in R.C. 2953.08(G)(2):

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶9} Appellant relies on *State v. Hand*, 149 Ohio St. 3d 94, 2016-Ohio-5504, 73 N.E.3d 448, for the proposition the trial court erred in relying on his juvenile adjudications

to support its finding his history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime.   In *Hand,* the Ohio Supreme Court held a juvenile adjudication could not be used to enhance a sentence or the degree of the offense for a later crime committed as an adult. The court found treating a juvenile adjudication as an adult conviction to enhance a sentence or the degree of offense for a later crime is inconsistent with Ohio's system for juveniles, which is predicated on the fact children are not as culpable for their acts as adults and should be rehabilitated rather than punished. *Id.* at ¶ 38. "Quite simply, a juvenile adjudication is not a conviction of a crime and should not be treated as one."  *Id.*

{¶10}  However, unlike the sentencing or offense enhancement statute at issue in *Hand* which treated a juvenile adjudication the same as an adult conviction, the consecutive sentencing statute does not "enhance" the sentence or degree of offense.. Rather, the consecutive sentencing statute considers the offender's history of criminal *conduct*, not on criminal *convictions*.  While a juvenile adjudication is not a conviction of a crime, as set forth in *Hand, supra,* a juvenile adjudication of delinquency for violation of a criminal statute does reflect a history of criminal conduct by Appellant.  As such, it is widely accepted an offender's juvenile history can be used as prior criminal history for the purpose of imposing consecutive sentences. *State v. Batiste*, 8th Dist. Cuyahoa No. 108986, 2020-Ohio-3673, 154 N.E.3d 1220, ¶ 20.  We find the trial court did not err in considering Appellant's juvenile adjudications as "history of criminal conduct" in imposing consecutive sentences.

{¶11} Appellant also relies on *Batiste, supra,* for the proposition his juvenile adjudications alone are insufficient to support a finding of a history of criminal conduct.

We disagree.  The offender in *Batiste* had a single juvenile adjudication, occurring nearly nine years prior to the offense at issue in the case.   The Eighth District Court of Appeals later distinguished *Batiste* in *State v. Brown*, 8th Dist. No. 109007, 2020-Ohio-4474, 158 N.E.3d 972, upholding consecutive sentences based on criminal conduct committed by a juvenile where the defendant was 18 at the time he was indicted for the adult offense, and the record demonstrated an extensive juvenile history.   Similarly, in the instant case, Appellant was eighteen years old at the time of the crimes and nineteen years old at the time of sentencing.   The trial court noted as follows regarding Appellant's juvenile and adult criminal history:

Mr. Vinson's prior record is in the report, I see on the juvenile record delinquency adjudications starting at age 13 for burglary involving breaking into a home and stealing items.  I see a trafficking in drugs adjudication involving marijuana sales.  I see obstructing official business adjudication and that one involved a handgun that was stolen from a sheriff's office.  I see a failure to comply offense on the juvenile record and a felony obstructing official business offense, as well as improper handling of firearms and receiving stolen property felonies, plus weapon under disability and trafficking in marijuana offenses.  Plus also on the juvenile record another failure to comply at the third degree felony level and felony receiving stolen property, plus a misdemeanor criminal damaging offense.

The juvenile supervision record shows some violations there and notes that Mr. Vinson, at least as of the writing of this report last month, was facing adult felony charges in Summit County.

And there is on the adult criminal record that is listed here as an unresolved felonious assault charge involving an alleged shooting of a man.

**{¶12}** Sent. Tr. 8-9.

**{¶13}** We find the record supports the trial court's finding consecutive sentences were necessary to protect the public from future crime by Appellant, based on Appellant's history of criminal conduct.

**{¶14}** The assignment of error is overruled. The judgment of the Delaware County Common Pleas Court is affirmed.

By: Hoffman, P.J.
Wise, John, J. and
Wise, Earle, J. concur