[Cite as *State v. Morrell*, 2025-Ohio-2878.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Andrew J. King, J.<br>Hon. Robert G. Montgomery, J. |
| -vs- | |
| YHANTEG MORRELL | Case No. CT2025-0017 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Muskingum County
                              Court of Common Pleas, Case No.
                              CR2024-0360

JUDGMENT:                     Reversed and Remanded

DATE OF JUDGMENT ENTRY:       August 14, 2025

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

RON WELCH, ESQ.                   CHRIS BRIGDON
Muskingum County Prosecuting Attorney    8138 Somerset Road
                                  Thornville, Ohio 43076
JOSEPH A. PALMER
Assistant Prosecuting Attorney
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43702

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Yhanteg Morrell appeals the judgment entered by the Muskingum County Common Pleas Court convicting him following his pleas of guilty to endangering children (R.C. 2919.22(B)(1)) and domestic violence (R.C. 2929.25(A)), and sentencing him to a term of incarceration of six to nine years. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On June 6, 2024, the Muskingum County Grand Jury indicted Appellant with attempted abduction, two counts of gross sexual imposition, kidnapping with a sexual motivation specification, importuning, and three counts of domestic violence. Pursuant to a negotiated plea, the State amended the charge of kidnapping to endangering children and dismissed the sexual motivation specification. Appellant entered a plea of guilty to the amended charge of endangering children, and entered a plea of guilty to one count of domestic violence. The State dismissed the remaining charges. The victims of the offenses were the minor children of Appellant's girlfriend.

**{¶3}** At the plea hearing, the State set forth the facts of the offenses. As to endangering children, the State represented in September of 2023, one of the minor children reported Appellant "had abused her under R.C. 2929.22(B)(1), and that his actions constituted abuse as inappropriate behavior with her." Plea Tr. 15. As to the charge of domestic violence, the other minor child of Appellant's girlfriend reported Appellant abused her physically, causing bruising, from February of 2020, through September of 2023.

**{¶4}** The trial court convicted Appellant upon his guilty pleas, and the case proceeded to sentencing. The State argued prison time was mandatory based on

Appellant's prior juvenile adjudication of aggravated robbery with a Serious Youthful Offender (hereinafter "SYO") specification. Appellant argued the juvenile adjudication could not be used to enhance prison time based on the Ohio Supreme Court's decision in *State v. Hand,* 2016-Ohio-5504. The trial court found prison time was mandatory based on the prior adjudication with an SYO specification. The trial court sentenced Appellant to a term of six to nine years of incarceration for endangering children and 180 days incarceration for domestic violence, to be served concurrently, for an aggregate term of incarceration of six to nine years. It is from the February 5, 2025 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT ERRED IN FINDING THAT APPELLANT'S PRIOR JUVENILE ADJUDICATION QUALIFIED AS A PRIOR CONVICTION THAT TRIGGERED MANDATORY PRISON TIME UNDER OHIO SENTENCING LAW, IN VIOLATION OF APPELLANT'S RIGHTS TO DUE PROCESS AS RECOGNIZED IN STATE V. HAND.

{¶5} Appellant argues the trial court could not use his prior juvenile adjudication of aggravated robbery to trigger the imposition of mandatory prison time in the instant case, based on the Ohio Supreme Court's decision in *State v. Hand*, 2016-Ohio-5504.

{¶6} In *Hand*, the trial court held the defendant's prior juvenile adjudication for aggravated robbery required the imposition of mandatory prison time in his later adult case. The court of appeals affirmed the trial court. However, the Ohio Supreme Court

reversed, finding the statute allowing a juvenile adjudication to be used to mandate prison time in a later adult case was unconstitutional:

Treating a juvenile adjudication as an adult conviction to enhance a sentence for a later crime is inconsistent with Ohio's system for juveniles, which is predicated on the fact that children are not as culpable for their acts as adults and should be rehabilitated rather than punished. It is widely recognized that juveniles are more vulnerable to outside pressures, including the pressure to admit to an offense. Under *Apprendi*, using a prior conviction to enhance a sentence does not violate the constitutional right to due process, because the prior process involved the right to a jury trial. Juveniles, however, are not afforded the right to a jury trial. Quite simply, a juvenile adjudication is not a conviction of a crime and should not be treated as one.

**{¶7}** *State v. Hand*, 2016-Ohio-5504, ¶ 38.

**{¶8}** The State argues the instant case is distinguishable from *Hand* because Appellant's juvenile adjudication included a SYO specification. In its brief, the State's response merely "requests this Court carefully read that entire statute especially R.C. 2152.13(C)(1)," without setting forth the pertinent language of the statute or explaining its applicability to this instant case. R.C. 2152.13(C)(1) provides in pertinent part:

(C)(1) A child for whom a serious youthful offender dispositional sentence is sought by a prosecuting attorney has the right to a grand jury determination of probable cause that the child committed the act charged and that the child is eligible by age for a serious youthful offender dispositional sentence. The grand jury may be impaneled by the court of common pleas or the juvenile court.

Once a child is indicted, or charged by information or the juvenile court determines that the child is eligible for a serious youthful offender dispositional sentence, the child is entitled to an open and speedy trial by jury in juvenile court and to be provided with a transcript of the proceedings.

{¶9}  Therefore, unlike the defendant in *Hand*, Appellant did have a right to jury trial in his juvenile case as a result of the SYO specification.  However, the Supreme Court in *Hand* did not rest its decision solely on the right of a juvenile to a jury trial.  The court also noted a juvenile delinquency adjudication is not a criminal conviction and should not be treated as one, because it is predicated on the fact children are not as culpable for their acts as adults.  *Hand*, 2016-Ohio-5504 at ¶ 38.  A case including an SYO specification remains a juvenile court proceeding, despite the additional right to a jury trial given to a juvenile faced with the possibility of an adult sentence at a later point:

A juvenile charged as a potential serious youthful offender does not face bindover to an adult court; the case remains in the juvenile court. Under R.C. 2152.11(A), a juvenile defendant who commits certain acts is eligible

for "a more restrictive disposition." That "more restricted disposition" is a "serious youthful offender" disposition and includes what is known as a blended sentence—a traditional juvenile disposition coupled with the imposition of a stayed adult sentence. R.C. 2152.13. The adult sentence remains stayed unless the juvenile fails to successfully complete his or her traditional juvenile disposition. R.C. 2152.13(D)(2)(a)(iii). Theoretically, the threat of the imposition of an adult sentence encourages a juvenile's cooperation in his own rehabilitation, functioning as both carrot and stick.

…

The statutory scheme establishes that a juvenile subject to serious-youthful-offender status, despite the carrot/stick of the possible imposition of an adult sentence, remains squarely in the juvenile court system. The juvenile cannot be sent directly to an adult facility for the acts that led to his serious-youthful-offender status. The juvenile court retains jurisdiction. The juvenile would have to engage in separate conduct detrimental to his own rehabilitation in the juvenile system to be committed to an adult facility. The aims of the juvenile system—and its heightened goals of rehabilitation and treatment—control his disposition. To get the rehabilitative benefit of the juvenile system, the juvenile's case must remain in juvenile court.

{¶10} *State v. D.H.*, 2009-Ohio-9, ¶ 18, 38.

{¶11} We find Appellant's prior juvenile court adjudication could not be used to trigger mandatory prison time in the instant case, despite the SYO specification. While

Appellant had a right to a jury trial in his juvenile adjudication, the prior proceeding remained a juvenile court proceeding, which is focused on rehabilitation rather than punishment, and based on the premise juveniles are less culpable for their actions. We find the mere fact the possibility of a blended juvenile and adult sentence existed in the prior case, leading to increased constitutional protections in the juvenile court, is insufficient to allow the trial court to treat the juvenile adjudication the same as an adult conviction for purposes of sentence enhancement. We therefore find Appellant's prior juvenile adjudication could not be used to trigger mandatory prison time in the instant case for the reasons stated in *Hand, supra*.

{¶12} The assignment of error is sustained.

{¶13} The judgment of the Muskingum County Common Pleas Court is reversed. This case is remanded to that court for resentencing.


By: Hoffman, P.J.

King, J. and

Montgomery, J. concur