[Cite as *State v. Smith*, 2016-Ohio-7101.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26963 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2015-CR-2459 |
| v. | : | |
| | : | (Criminal Appeal from |
| DAMON D. SMITH | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
  Attorney for Plaintiff-Appellee

CHRISTOPHER C. GREEN, Atty. Reg. No. 0077072, 400 Wayne Avenue, Dayton, Ohio 45410
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

  **{¶ 1}** Defendant-appellant Damon Smith appeals from his conviction and sentence

for Kidnapping, Felonious Assault, Aggravated Burglary and Domestic Violence. Smith

contends that the court erred in imposing maximum sentences for each of his convictions. In response to our request for additional briefing to address the impact of *State v. Hand*, Ohio Supreme Court Slip Opinion No. 2016-Ohio-5504, Smith also argues that the trial court erred by ordering mandatory sentences, utilizing his juvenile adjudication for sentence enhancement.   We find no error in the imposition of maximum sentences. We do agree that the trial court erred by imposing mandatory sentences. Accordingly, the sentence is Reversed, and this cause is remanded for re-sentencing, consistent with this opinion.

## I.   Domestic Violence Leads to Felony Convictions

{¶ 2} During the year before the incident leading to his arrest, Smith and the victim, A.G. were in a dating relationship, and were living together.   In August 2015, A.G. was at the residence of a friend, Melissa, when Smith arrived, kicked in the locked front door, entered the residence and attacked A.G.   When Melissa saw Smith on his way toward her residence, she warned A.G., who then hid in the bathroom and attempted to block the door to prevent Smith from reaching her. A.G.'s attempt to block the door was unsuccessful, and Smith hit her in the cheek with his fist and forcibly pulled A.G. out of the bathroom, against her will.   Smith threatened A.G. with a knife and struck her in the head with an ashtray. The force knocked her down and split open her head. A.G. was taken to the hospital, and her head injuries were treated with staples. In addition to the head lacerations, A.G. also suffered a fractured cheekbone, a broken nose, nasal lacerations, and a fractured tailbone. Photos depicted bruising on her jaw and arm. A.G. stated that after the incident she wrote numerous letters to Smith, because she loved him

and wanted him to get help.

{¶ 3} Smith testified in his own defense, stating that on the day of the incident he was delivering drugs to her, at her request. He testified that she paid him $40 for the drugs, and after he left the residence he noticed that $20 of the money was counterfeit. He testified that after he tried to kick in the front door, Melissa let him back into the house, and he confronted A.G. about the counterfeit $20 bill, insisting that she pay him the full amount or return the drugs. Smith testified that A.G. threw the ashtray at him and threatened to stab him with a knife. Smith testified that when A.G. lunged at him with the knife, he grabbed her arm, and clipped her to the ground by tripping her with his foot. Smith testified that as A.G. fell to the floor, she hit her head on the table. Smith admitted that he had hit A.G. in the face with his fist on a different occasion, but he testified that he did not hit her during the incident at Melissa's residence. A.G. denied that she used any drugs, other than marijuana, denied that she bought drugs from Smith or paid him with counterfeit bills.

## II. The Course of Proceedings

{¶ 4} Smith was indicted on six felonies: one count of Felonious Assault (Physical Harm), a felony of the second degree, in violation of R.C. 2903.11(A)(1); one count of Felonious Assault (Deadly Weapon), a felony of the second degree, in violation of R.C. 2903.11(A)(2); one count of Kidnapping (Substantial Risk of Serious Physical Harm)(Restrain), a felony of the first degree, in violation of R.C. 2905.01(B)(2); one count of Aggravated Burglary (Physical Harm), a felony of the first degree, in violation of R.C. 2911.11(A)(1); one count of Aggravated Burglary (Deadly Weapon), a felony of the first

degree, in violation of R.C. 2911.11(A)(2); and one count of Domestic Violence, a felony of the fourth degree, in violation of R.C. 2919.25(A). Smith agreed to have the Domestic Violence charge tried by the trial court, while all other charges were tried to a jury. The trial court found Smith guilty of the Domestic Violence offense. The jury acquitted Smith of the two charges alleging the use of a deadly weapon; Felonious Assault (Deadly Weapon) and Aggravated Burglary (Deadly weapon). Guilty verdicts were rendered on all remaining counts.

{¶ 5} A pre-sentence investigation report was prepared prior to sentencing. At sentencing, the trial court agreed to merge the offenses of Felonious Assault and Domestic Violence, and the State elected to have Smith sentenced on the Felonious Assault charge. The trial court stated that the convictions for Kidnapping, Felonious Assault, and Aggravated Burglary all required mandatory prison terms. Before announcing sentence, the trial court provided the following statement, identifying the factors it considered:

Defendant's known criminal career began at the age 12 when he committed an F2 burglary an offense that makes his sentencing here mandatory for any F1 or F2. Importantly, the Defendant has a lengthy history of offenses of violence including four offenses of violence as a juvenile, aggravated rioting at age 18 and assault at age 19. And now Defendant has been found guilty by a jury of F1 kidnapping, F1 aggravated burglary physical harm, F2 felonious assault serious physical harm. Defendant has also been found guilty by this Court of F4 domestic violence.

It is quite clear to the Court that the Defendant has sadly given to

violence including gratuitous violence in this instant case against a female victim. Enough, as they say, is enough. Therefore, in considering the purposes and the principals in sentencing set forth in the revised code including avoiding unnecessary burden upon government resources, the seriousness and recidivism factors of the code and the dictates of 2929.13 and is otherwise set forth in the revised code, as well as the Defendant's present and future ability to pay financial sanctions including any restitution, the Court is going to order as follows: * * *

Transcript at 317-318.

{¶ 6} The trial court sentenced Smith to a mandatory prison term of 11 years for the Kidnapping conviction, a mandatory prison term of 8 years on the merged convictions for Felonious Assault and Domestic Violence, and a mandatory prison term of 11 years for the Aggravated Burglary conviction. The trial court ordered the prison terms to be served concurrently. From his convictions and sentence, Smith appeals.

### III. Standard of Review

{¶ 7} The standard of review for felony sentencing issues is set forth in R.C. 2953.08(G)(2), which provides:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand

the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶ 8}** In *State v. Marcum*, Oho Supreme Court Slip Opinion No. 2016-Ohio-1002, the Supreme Court of Ohio held that "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* ¶ 23. "Therefore, the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." *State v. Withrow*, 2d Dist. Clark No. 2015-CA-24, 2016-Ohio-2884, ¶ 38, citing *State v. Rodeffer,* 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 31 (2d Dist.); *State v. Venes,* 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

### IV.   No Error Is Portrayed in the Record Regarding the
### Imposition of Maximum Sentences

**{¶ 9}**  For his sole assignment of error, Smith asserts:

THE COURT ERRED WHEN IT FAILED TO MAKE FINDINGS OR

TO ENGAGE IN THE STATUTORY ANALYSIS WHEN IT IMPOSED THE MAXIMUM SENTENCE FOR THE HIGHEST DEGREED OFFENSE WHEN THERE WERE CONVICTIONS FOR MORE THAN TWO OFFENSES THAT AROSE OUT OF A SINGLE INCIDENT

**{¶ 10}** Smith contends that his sentence is contrary to law, because the maximum prison term was not required. R.C. 2953.08(A)(1) provides that a defendant who is convicted may appeal his sentence on the grounds that "the maximum prison term was not required for the offense pursuant to Chapter 2925 or any other provision of the Revised Code" and "(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree."

**{¶ 11}** We have held that "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences. However, the trial court must comply with all applicable rules and statutes including R.C. 2929.11 and R.C. 2929.12." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.) (internal citation omitted). Therefore, the trial court may order a defendant to serve a maximum sentence after consideration of the factors identified in R.C. 2929.12, which include facts relating to the likelihood of the offender's recidivism, and other facts that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.11 provides:

The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those

purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 12} In the case before us, the trial court properly identified the factors considered for ordering the maximum sentence, reciting Smith's extensive criminal history, which supports the likelihood of recidivism, the need for incapacitating Smith, deterring Smith from future crime, and the need for rehabilitation. Smith has not established that his sentence is contrary to law or clearly and convincingly unsupported by the record. Smith's sole assignment of error is overruled.

## V. The Imposition of Mandatory Sentences is Plain Error

{¶ 13} Although not raised as an assignment of error, we invited the parties to submit supplemental briefs to address the application of *State v. Hand*, Ohio Supreme Court Slip Opinion No. 2016-Ohio-5504, which holds that the juvenile adjudications cannot be used to enhance either a sentence beyond the statutory maximum or mandatory minimum. *Id.* at paragraph 2 of the syllabus. The State concedes that the trial court did use Smith's juvenile adjudications as grounds to impose mandatory sentences, which is now prohibited by the holding of *State v. Hand, supra*. Because the imposition of mandatory sentences in the case before us is an obvious deviation from the legal rule established by the Supreme Court of Ohio in *State v. Hand*, *supra*, and the application of *Hand* would affect the outcome, we conclude that the imposition of mandatory sentences

is plain error. Crim.R. 52(B); *State v. Willis*, 12th Dist. Butler No. CA2012-08-155, 2013-Ohio-2391, ¶ 35, citing *State v. Blanda,* 12th Dist. Butler No. CA2010-03-050, 2011-Ohio-411, ¶ 20; *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E. 2d 1240 (2002).

**{¶ 14}** Since the trial court's error in deeming the sentences mandatory may have affected its exercise of discretion, this cause will be remanded for re-sentencing.

## VI. Conclusion

**{¶ 15}** Smith's sole assignment of error having been overruled, and plain error having been found in the imposition of mandatory sentences, the sentence is Reversed, and this cause is Remanded for re-sentencing, consistent with this opinion.

. . . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.


Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Christopher C. Green
Hon. Steven K. Dankof