[Cite as *State v. Jones*, 2017-Ohio-9119.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MALIK D. JONES | : | Case No. 2017CA00064 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 2016CR1423



JUDGMENT:                        Affirmed



DATE OF JUDGMENT:                December 18, 2017



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           BARRY T. WAKSER
Prosecutor                                Stark County
By: KATHLEEN O. TATARSKY                  Public Defender's Office
Assistant Prosecutimg Attorney            201 Cleveland Avenue N. W.
110 Central Plaza South, Suite 510        Suite 104
Canton, OH  44702                         Canton, OH  44702

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Malik Jones appeals the November 30, 2016 judgment of the Stark County Court of Common Pleas which denied Jones' motion to dismiss the charge of having weapons under disability.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   In September 2016, the Stark County Grand Jury indicted Jones on one count of having weapons under disability, one count of carrying concealed weapons, one count of defacing the identification marks of a firearm, and one count of possession of cocaine. As to the charge of weapons under disability, Jones' disability stemmed from a prior juvenile adjudication for assault, a felony of the fourth degree.

{¶ 3}   Because Jones' disability stemmed from a juvenile adjudication, Jones filed a motion to dismiss the charge based on the Supreme Court of Ohio's decision in *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448. *Hand* held that treating a juvenile adjudication as the equivalent of an adult conviction in order to either enhance the degree of a charged offense, or the resulting sentence, is a violation of due process. *Id.*, paragraph one of the syllabus.

{¶ 4}   On November 30, 2016, the trial court overruled Jones' motion finding *Hand* was distinguishable from Jones' case.

{¶ 5}   On February 1, 2017, Jones pled no contest to the indicted offenses. The trial court found him guilty and convicted him. Following a pre-sentence investigation, the trial court imposed a jointly recommended sentence of 18 months incarceration, reserved, pending Jones' satisfactory completion of three years community control.

{¶ 6}   Jones now brings this appeal raising one assignment of error:

I

{¶ 7}   THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO DISMISS THE CHARGE OF HAVING WEAPONS UNDER DISABILITY.

{¶ 8}   Jones argues the trial court should have dismissed the charge of having weapons under disability based on the authority of *Hand.* We disagree.

{¶ 9}   *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, involved the use of a prior juvenile adjudication for aggravated robbery to enhance the level of Hand's sentence. The opinion examined R.C. 2901.08(A) and R.C. 2929.13(F)(6). The former allows a juvenile adjudication to be treated as a prior conviction in certain circumstances, and the latter requires the imposition of a mandatory prison term for any first or second degree felony if the offender has previously been convicted of a first or second degree felony. At paragraph one of the syllabus, the Court held:

1. R.C. 2901.08(A) violates the Due Process Clauses of Article I, Section 16 of the Ohio Constitution because it is fundamentally unfair to treat a juvenile adjudication as a previous conviction that enhances either the degree of the sentence for a subsequent offense committed by an adult.

{¶ 10} The reasoning behind this holding included the fact that "juvenile law and criminal law are not synonymous." *Hand* at ¶ 13. The court noted that while juveniles are afforded a wide range of due process protections during adjudicatory proceedings, they are nonetheless not entitled to a jury trial. That being true, the Court found the use of a juvenile adjudication to enhance the degree of, or the sentence for a subsequent offense

a violation of due process under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Apprendi held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi at 420. The *Hand* Court additionally found pursuant to *United States v. Tighe*, 266 F.3d 1187 (9th Cir. 2001), that the "prior conviction" exception of *Apprendi* " 'must be limited to prior convictions that were themselves obtained through proceedings that included the right to a jury trial * * * ' " *Hand* at ¶ 28, citing *Tighe* at 1194.

{¶ 11} In this matter, however, we are asked to apply the holding of *Hand* to R.C. 2923.13, the weapons under disability statue. That statute states in relevant part:

> (A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, carry, or use a firearm or dangerous ordinance if any of the following apply:
>  * * *
>
> (2) The person is under indictment for, or has been convicted of any felony of violence or, has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

{¶ 12} Thus, unlike the statutes at issue in *Hand*, R.C. 2923.13 does not enhance the degree of or sentence for an offense. Rather, a prior juvenile adjudication for the

commission of an offense, which if committed by an adult would be a felony offense of violence, is an element of the offense of possessing weapons under disability.

{¶ 13} Jones argues pursuant to *Hand* and *Apprendi*, that juvenile adjudications determined in a civil proceeding, without a jury, cannot serve as the predicate for a later adult conviction for having weapons under disability.

{¶ 14} We find *Hand* and *Apprendi* inapplicable to having weapons under disability. The juvenile adjudication is the disability. It does not, as was the case in *Hand* and *Apprendi*, impact the degree of or sentence for the offense. Thus the due process concerns present in *Hand* and *Apprendi* are absent here.

{¶ 15} Instead, we find as the First District recently found -- that the focus of our inquiry is the existence of the disability, not its reliability, and therefore the United States Supreme Court's decision in *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed2d 198 (1980), and not *Apprendi*, controls the issue presented here. *State v. Barfield*, ___ N.E.2d ___, 2017-Ohio-8243 ¶ 8.

{¶ 16} *Lewis* involved the use of an uncounseled felony conviction as a predicate for a later charge of knowingly receiving or possessing a firearm. The *Lewis* court held that because the focus of federal gun regulations is to keep firearms out of the hands of those considered potentially dangerous, an invalid felony conviction can serve as the disability prohibiting possession of a firearm without offending the United States Constitution. *Lewis* at 66-67.

{¶ 17} Under *Lewis*, a disability may attach without a criminal conviction tried to a jury. Indeed, the disabilities enumerated in R.C. 2923.13(A)(1) – (5) include statuses that do not require submission to a jury. Specifically, being under indictment for a felony drug

offense, being a drug dependent person, in danger of being drug dependent, or a chronic alcoholic, being under adjudication of mental incompetence, mental defect, or having been committed to a mental institution.

{¶ 18} Our brethren in the First, Second, Seventh, Eighth, and Tenth Districts have rejected the argument Jones advances here. *State v. Carnes*, First Dist. Hamilton No. C-150752, 2016-Ohio-8019, appeal allowed, *State v. St. Jules*, 2nd Dist. Montgomery App. No. 27405, 2017-Ohio-794, *State v. Hudson*, 7th Dist. Mahoning App. No. 15MA0134, 2017-Ohio-645, *State v. Stewart*, 8th Dist. Cuyahoga App. No. 105154, 2017-Ohio-2993, *State v. Brown*, 10th Dist. Franklin App. No. 16AP-753, 2017-Ohio-7134. We join these districts in concluding that *Hand* does not apply to R.C. 2923.13(A)(2). Therefore, the use of a juvenile adjudication did not violate Jones' due process rights.

{¶ 19} The sole assignment of error is denied.


By Wise, Earle, J.

Gwin, P.J. and

Hoffman, J. concur.


EEW/rw 12/12