[Cite as *State vs. Fortson*, 2018-Ohio-2388.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CHARLES LEWIS FORTSON | : | Case No. 2017CA00141 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Stark County Court of Common Pleas, Case No. 2017-CR-0278


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        June 18, 2018


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney

By: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
110 Central Plaza South, Suite 510
Canton, Ohio 44702

For Defendant-Appellant

VICTORIA BADER
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

*Baldwin, J.*

{¶1}   Appellant, Charles Fortson, appeals his conviction for having weapons under a disability in violation of 2923.13(A)(2), a felony of the third degree. Appellant was a juvenile at the time of the filing of the complaint, but his case was transferred to the Stark County Court of Common Pleas, where he admitted to the indictment and was sentenced on this charge and several other charges.  Appellee is the State of Ohio.

FACTS AND PROCEDURAL POSTURE

{¶2}   The facts leading to the charges filed against appellant are unnecessary for the resolution of the appeal, so they are omitted.

{¶3}   The appellee was a juvenile just eleven days short of his eighteenth birthday when he allegedly committed several felony offenses including the only offense relevant to his appeal, one count of having a weapon under disability in violation of R.C. 2923.13(A)(2).  The State filed complaints with the Stark County Court of Common Pleas, Family Division, charging appellant with multiple offenses on September 23, 2016 and, concurrent with the filing of the complaints, the State filed a motion to transfer jurisdiction

to the Criminal Division of the Stark County Court of Common Pleas pursuant to Juv.R. 30, R.C. 2152.10 and 2152.12.  After a hearing on January 26, 2017 and after a thorough evaluation of the law and the facts, the family court issued extensive findings of fact and conclusions of law and determined that there was probable cause to believe that appellant committed the alleged offenses and that he was not amenable to rehabilitation in the juvenile system. The court transferred his case to the criminal division per entry on February 14, 2017. Appellant did not object or appeal the family court's findings or orders.

{¶4}    Appellee was indicted on March 8, 2017 for one count of possessing a weapon under disability in violation of R.C. 2923.13(A)(2) and several other felony offenses, including three counts of rape, one count of kidnapping, one count of aggravated robbery, one count of improperly handling firearms in a motor vehicle, one count of receiving stolen property, one count of carrying a concealed weapon, one count of trafficking in a controlled substance and one count of possession of cocaine.  He initially plead not guilty, but, on April 10, 2017, appellant changed his plea to guilty and was sentenced to 36 months on the violation of R.C. 2923.13(A)(2).  He was sentenced on all other pending charges for a total time of incarceration of 19 years.

{¶5} Appellant filed a notice of appeal and a motion for leave to file a delayed appeal on July 28, 2017. That motion was granted and appellant filed a brief with a single assignment of error:

{¶6} THE STARK COUNTY COMMON PLEAS COURT ERRED WHEN IT CONVICTED CHARLES FORTSON OF WEAPONS UNDER DISABILITY WHERE THE DISABILITY AROSE FROM A JUVENILE ADJUDICATION. *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448; *State v. Bode*, 144 Ohio St.3d 155, 2015-Ohio-1519, 41 N.E.3d 1156; FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION; ARTICLE I, SECTION 16, OHIO CONSTITUTION.

{¶7} We note that appellant has appealed only his conviction for having a weapon under a disability and no other portion of his conviction. We also note that this issue was not argued before the trial court and, therefore, must be reviewed under a "plain error" standard.

## STANDARD OF REVIEW

{¶8} Error not raised in the trial court must be plain error in order to reverse. *State v. Johnson, 5th Dist. Richland* No. 98–CA–42, 1998 WL 818026, citing *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *Id.* Plain error does not exist unless but for the error, the outcome of the trial would clearly have been otherwise. *State v. Nicholas*, 66 Ohio St.3d 431, 613 N.E.2d 225 (1993).

{¶9} If the appellant is correct and the trial court erred, the charge of having a weapon while under a disability would not have been considered, so we will review the appellant's argument as an assertion of plain error.

{¶10} Appellant relies on the Supreme Court of Ohio's holdings in *State v. Hand*, 149 Ohio St.3d 94, 2016-0hio-5504, 73 N.E.3d 448, and *State v. Bode*, 144 Ohio St.3d 155, 2015-0hio-1519, 41 N.E.3d 1156 as well as a policy argument regarding how offenders are treated in juvenile court. It is the obligation of the Legislature and not this court to adopt legislation based upon policy decisions, so the policy arguments presented

by appellant, though they may be well reasoned, are unpersuasive in this context. More importantly, the family court determined that appellant is not amenable to rehabilitation in the juvenile system and should now be treated as an adult, so consideration of appellant's age has, at least in part, been addressed by the family court.

{¶11} Further, the facts in this case distinguish it from the precedent cited by appellant. In *Bode* and *Hand* the State charged appellants with offenses committed when they were adults. Those appellants objected to the use of a prior juvenile adjudication to enhance the penalty for the offense committed as an adult. In this case appellant was initially charged with several offenses, including having a weapon while under a disability, as a juvenile. Appellant is currently subject to the jurisdiction of the Criminal Division of the Stark County Court of Common Pleas for those charges only because the State filed a motion to transfer the matter and the family court, after a thorough analysis, concluded that a transfer was warranted. This case does not, as suggested by appellant, allow "a juvenile adjudication to rear its head years later in an unrelated adult proceeding."

{¶12} Appellant is effectively arguing that the charge of possessing a weapon under a disability filed against a juvenile under RC 2923.13(A)(2) cannot survive the

transfer from the juvenile system to the adult system. The Supreme Court of Ohio did not consider that issue in *Hand* or *Bode* because those appellants committed offenses as adults that were impacted by prior acts as a juvenile. The appellant herein committed offenses as a juvenile for which was sentenced as an adult, so the appellant's reliance on the holdings of *Hand* and *Bode* is misplaced. For that reason, we conclude that the trial court did not err.

{¶13} If, arguendo, appellant's argument remains valid despite the fact that appellant was initially charged as a juvenile and we were to consider the holdings in *Hand* and *Bode,* appellant does not provide any reason for us to deviate from our position in *State v. Jones,* 5th Dist. No. 2017CA00064, 2017-Ohio-9119, and we decline to do so. We have determined that the juvenile adjudication is the disability. It does not impact the degree of or sentence for the offense. Thus the due process concerns present in *Hand* are absent here. *Jones, Id.*, at ¶ 14.

{¶14} The holdings of the Supreme Court of Ohio in *Hand* and *Bode* addressed facts that involved charges against an adult defendant. The Court ruled that a juvenile adjudication could not be used to enhance the degree of or the sentence for a subsequent

offense committed as an adult. *Hand,* syllabus, paragraph 1; *Bode,* syllabus. This court and other districts have concluded that the rule in *Hand* and *Bode* does not apply to the facts of appellant's case.

{¶15} We addressed the use of a juvenile adjudication to support an adult conviction for having a weapon under a disability in *Jones, supra,* and we noted that:

"***the First, Second, Seventh, Eighth, and Tenth Districts have rejected the argument Jones advances here. *State v. Carnes*, First Dist., 2016-Ohio-8019, 75 N.E.3d 774, appeal allowed, *State v. St. Jules,* 2nd Dist. Montgomery App. No. 27405, 2017–Ohio–794, 2017 WL 4340684, *State v. Hudson*, 7th Dist., 2017-Ohio-645, 85 N.E.3d 371, *State v. Stewart,* 8th Dist. Cuyahoga App. No. 105154, 2017-Ohio-2993, 2017 WL 2291643, *State v. Brown,* 10th Dist. Franklin App. No. 16AP-753, 2017-Ohio-7134, —— N.E.3d ——. We join these districts in concluding that *Hand* does not apply to R.C. 2923.13(A)(2). Therefore, the use of a juvenile adjudication did not violate Jones' due process rights."

*Jones, supra at* ¶ 18

**{¶16}** The Second District Court of Appeals recently affirmed its conclusion in *St. Jules, supra* in the case of *State v. Gause,* 2nd Dist. Montgomery No. 27527, 2018-Ohio-313, ¶11:

> Therefore, we once again hold that the use of a juvenile adjudication to support a charge of having weapons while under disability does not violate a defendant's constitutional right to due process.

**{¶17}** Though the decision of the Supreme Court of Ohio in *Bode, supra,* was not addressed in our decision in *Jones*, that holding is analogous to the decision in *Hand*. The Supreme Court defined the issue as "whether the state may use an uncounseled juvenile adjudication to enhance penalties for an adult conviction". *Bode* at ¶ 1. As in *Hand*, the focus was on enhancement of penalties and not whether the juvenile adjudication can serve as an element of an offense committed when appellant is an adult. The appellant argues that we should extend the rational of *Hand* and *Bode* to prevent the use of juvenile adjudications as an element of a charge of possessing weapons under a disability. We decline appellant's invitation to overrule our decision in *Jones* and to ignore the decision of our colleagues in other districts.

{¶18} For the forgoing reasons, the decision of the Stark County Court of Common Pleas is affirmed.  Costs assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.