[Cite as *In re J.L.*, 2021-Ohio-3823.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE J.L., ET AL. | : | |
| | : | Nos. 110531 and 110533 |
| Minor Children | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** October 28, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. DL-20-104035 and DL-20-104036

### *Appearances:*

Timothy Young, Ohio Public Defender, and Abigail
Christopher, Assistant State Public Defender, *for
appellants*.

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Mary Grace Tokmenko, Assistant
Prosecuting Attorney, *for appellee*.

EILEEN T. GALLAGHER, J.:

{¶ 1} In this consolidated appeal, appellants, J.L. and J.L. Jr. ("appellants"),

appeal virtually identical judgments of the juvenile division of the Cuyahoga County

Court of Common Pleas denying their separate motions to strike words referring to

"guilty pleas" and "convictions" from the trial court's September 19, 2020, journal

entries. They claim the following error:

The juvenile court erred by denying [appellants'] motion[s] to strike because a child does not enter a guilty plea or receive a conviction when the child receives a serious youthful offender disposition.

{¶ 2} We find merit to the appeal, reverse the juvenile court's judgment, and remand the case to the juvenile court to strike any form of the words "convictions" or "guilty pleas" from its September 19, 2020 dispositional journal entries.

## I. Facts and Procedural History

{¶ 3} In April 2020, complaints were filed in the juvenile court, alleging that appellants were delinquent children for committing two counts of burglary, in violation of R.C. 2911.11(A)(2), and two counts of abduction, in violation of R.C. 2905.02(A)(2). The burglary charges, which included one- and three-year firearm specifications, were first-degree felonies if committed by an adult. The abduction charges were third-degree felonies if committed by an adult.

{¶ 4} Shortly after the complaints were filed, the state filed motions in each of appellants' cases asking the juvenile court to relinquish jurisdiction for the purpose of criminal prosecution under R.C. 2152.10(B). R.C. 2152.10 governs discretionary and mandatory bindovers of a child to the general division of a common pleas court for criminal prosecution as an adult. The state later filed a bill of information in each case with discretionary serious youthful offender ("SYO") specifications and moved the court to withdraw its previously filed bindover motions. The court granted the state's motions and, on August 5, 2020, appellants both entered admissions to amended charges comprised of one count of aggravated burglary, with a one-year firearm specification, and one count of abduction. Both

counts included discretionary SYO specifications that subjected appellants to blended sentences. Prior to entering their respective admissions, appellants executed waivers of their rights to a preliminary hearing under R.C. 2945.71, waivers of their right to a grand jury indictment, and waivers of their rights to a jury trial and to a speedy trial.

{¶ 5} At a dispositional hearing on September 18, 2o2o, the juvenile court found that appellants had agreed to blended sentences as SYO offenders in their respective plea agreements. Accordingly, the court sentenced appellants to "a term of four (4) and five and half (5.5) years in prison" on the aggravated burglary charge alleged in Count 1, to be served concurrently with the one-year prison term on the attendant firearm specification. (Sept. 19, 2020, journal entries.) On Count 2, the court ordered each appellant to "pay his share of any verifiable, out-of-pocket restitution" and to "maintain NO CONTACT with the victims * * *." (Sept. 19, 2020, journal entries.) The juvenile court stayed the adult portion of appellants' sentences pending their successful completion of their juvenile dispositions.

{¶ 6} As for the juvenile portions of their dispositions, the juvenile court ordered appellants, on Count 1, to be committed to the Ohio Department of Youth Services for a minimum period of 12 months, maximum to their 21st birthdays, to be served concurrently with a one-year commitment for the firearm specification. (Sept. 19, 2020, journal entry.) On Count 2, the court again ordered each appellant to "pay his share of any verifiable, out-of-pocket restitution" and to "maintain NO CONTACT with the victims * * * ." (Sept. 19, 2020, journal entry.)

{¶ 7} In its September 19, 2020 journal entries, the court found, among other things, that appellants were "adjudicated delinquent/convicted or pled guilty to * * * Aggravated Burglary * * * ." The court also found appellants had been "convicted/pled guilty to Firearm Specification * * * ." Appellants objected to these findings, and each filed a motion to strike those portions of the September 19, 2o2o journal entry that refer to a "conviction" or "guilty plea." Appellants argued that because their SYO sentences remained in the juvenile court system, they could not have pleaded guilty or been convicted of a crime. The trial court denied their motions. Appellants now appeal the denial of their motions to strike.

## II. Law and Analysis

{¶ 8} In the sole assignment of error, appellants argue the trial court erred in denying their motions to strike portions of its journal entry referring to guilty pleas and convictions. They contend that because they remained within the juvenile court system, they could not have pleaded guilty to, or be convicted of, any criminal offenses.

{¶ 9} Historically, juvenile courts were designed "to provide for the care, protection, and mental and physical development of children, to protect the public from wrongful acts committed by juvenile delinquents, and to rehabilitate errant children and bring them back to productive citizenship." *In re Caldwell*, 76 Ohio St.3d 156, 158, 666 N.E.2d 1367 (1996), citing R.C. 2151.01. In *Caldwell*, the court emphasized that "[p]unishment is not the goal of the juvenile system, except as necessary to direct the child toward the goal of rehabilitation." *Id.*

**{¶ 10}** After *Caldwell* was decided, the Ohio General Assembly enacted R.C. Chapter 2152,[1] Ohio's Serious Youthful Offender statute, which allows the juvenile court to impose more punitive, adult sanctions than those previously imposed on youthful offenders. *See* R.C. 2152.13. R.C. 2152.11(A) establishes various dispositions for children adjudicated delinquent and states that a juvenile defendant who commits certain acts is eligible for "a more restrictive disposition." The "more restrictive disposition," known as the SYO disposition, creates a blended sentence that combines a traditional juvenile disposition with a stayed adult sentence. R.C. 2152.13. Under this framework, the adult sentence remains stayed and is never invoked unless the juvenile fails to successfully complete his or her traditional juvenile disposition. R.C. 2152.13(D)(2)(a)(iii). Moreover, a juvenile charged as a potential SYO is not automatically bound over to an adult court. Rather, the case remains in the juvenile court, whose goals are rehabilitative rather than punitive. *In re D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209, ¶ 18; *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, ¶ 14.

**{¶ 11}** Appellants argue that because juvenile adjudications are not equivalent to criminal convictions, the trial court erred by stating in its September 19, 2020 journal entries that appellants "pleaded guilty" and were "convicted." The state, on the other hand, asserts that in SYO cases, "'all the provisions of Title XXIX of the Revised Code and the Criminal Rules" apply so long as the child "is detained

---

[1] R.C. Chapter 2152 became law on January 1, 2002.

awaiting adjudication, upon indictment, or being charged by information.'" (Appellee brief p. 4, quoting R.C. 2152.13(C)(2).) The state further asserts that because R.C. 2152.13(D)(2)(a)(i) provides that "the juvenile court may impose upon a child a sentence available for the violation as if the child were an adult under Chapter 2929," the trial court properly applied the terms "guilty plea" and "conviction" to appellants' dispositions. Neither party cites any case law on this issue, nor did we find any. This is, therefore, a case of first impression.

{¶ 12} However, the criminal rules and statutes referenced in R.C. 2152.13 apply to ensure that the constitutional rights of potential SYOs are protected. Immediately after stating that these adult criminal provisions apply while the child is detained and awaiting adjudication, the statute goes on to state that "[t]he juvenile court shall afford the child all rights afforded a person who is prosecuted for committing a crime including the right to counsel and the right to raise the issue of competency." R.C. 2152.13(C)(2). Moreover, application of adult criminal rules to potential SYOs does not change the fact that SYOs remain within the juvenile court's jurisdiction unless or until the offender fails to complete the juvenile portion of his or her disposition.

{¶ 13} "The Ohio Juvenile Rules are designed to keep juvenile dispositions private." *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967N.E.2d 729, ¶ 66. "Confidentiality promotes rehabilitation by allowing the juvenile to move into adulthood without the baggage of youthful mistakes." *Id.* at ¶ 67. Although R.C. 2152.13(C)(2) and 2152.13(D)(2)(a)(i) refer to Ohio criminal rules and statutes,

there would be no reason to keep SYO offenders within the juvenile system if the legislature intended for them to be treated as adults. If the legislature had wanted SYOs to be treated as adults, it could have required all potential SYOs to be bound over to adult court, but it did not. Although the SYO statute allows the juvenile court to impose an adult sentence on a juvenile, the adult sentence remains stayed, and indeed may never be invoked, if the juvenile successfully completes his or her traditional juvenile disposition. R.C. 2152.13(D)(2)(a)(iii). Keeping SYOs within the juvenile court's jurisdiction as long as they successfully complete the juvenile disposition supports the juvenile court's goals of rehabilitation and correction.

{¶ 14} Furthermore, the words "conviction" and "guilty plea" are not mentioned anywhere in either R.C. 2152.11 or 2152.13, the statutes authorizing the imposition of an SYO disposition. These statutes refer only to adjudications. *See, e.g.*, R.C. 2152.11(A) ("A child who is adjudicated a delinquent child for committing an act that would be felony if committed by an adult is eligible for a particular type of disposition under this section if the child was not transferred under 2152.12 of the Revised Code."); *see also* R.C. 2152.13(D) (authorizing the imposition of a mandatory or discretionary SYO sentence if 'a child is adjudicated a delinquent child' under certain circumstances). Felony convictions may remain on a person's record for the remainder of his or her life. *See* R.C. 2953.32 (providing courts discretion to seal records of convictions). Finding that a juvenile pleaded guilty and was convicted of crime may have unintended consequences, such as impacting the individual's future employment or college applications. This is particularly

concerning since the adult portion of the sentence may never be invoked. Such long-term consequences are contrary to the goals of the juvenile court system.

{¶ 15} The term "conviction" only appears in the reverse bindover statute, which requires an adult trial court to transfer a case back to the juvenile court for disposition if a juvenile, who was transferred to adult court for criminal prosecution, is ultimately convicted of crimes that would have only subjected the juvenile to discretionary, rather than mandatory, transfer proceedings. R.C. 2152.121(B)(3)(a); *State v. D.B.*, 150 Ohio St.3d 452, 2017-Ohio-6952, 82 N.E.3d 1162, ¶ 12-13. In that scenario, R.C. 2152.121(B)(3)(a) provides, in relevant part, that

> the juvenile court shall notify the court in which the child was convicted of or pleaded guilty to the offense, the sentence imposed upon the child by that court shall terminate, the court and all other agencies that have any record of the conviction of the child or the child's guilty plea shall expunge the conviction or guilty plea and all records of it, *the conviction or guilty plea shall be considered and treated for all purposes * * * to have never occurred, and the conviction or guilty plea shall be considered and treated for all purposes other than as provided in this section to have been a delinquent child adjudication of the child.*

(Emphasis added.) Thus, even when a child is bound over for criminal prosecution and pleads guilty to offenses in adult court, R.C. 2152.121(B)(3)(a) provides that the record of conviction and guilty plea must be expunged and treated as if it had never occurred if the child is transferred back to juvenile court and receives an SYO sentence. If children who have been bound over to adult court and returned to the juvenile court must have their convictions and guilty pleas expunged, we can only conclude that the terms "conviction" and "guilty plea" are not permitted in

dispositional journal entries where the child was never bound over for criminal prosecution in the first place.

{¶ 16} Because the SYO disposition is a blended sentence that includes a suspended prison term, the use of the word "sentence" is appropriate. However, just because the word "sentence" is used in the SYO context does not mean the terms "guilty plea" and "conviction" are also appropriate. R.C. 2152.13, which governs the SYO dispositional sentence, repeatedly uses the word "sentence" but never mentions the words "conviction" or "guilty plea."

{¶ 17} In virtually identical judgment entries dated September 19, 2020, the juvenile court states that it found "the child was adjudicated delinquent/convicted or pled guilty to * * * Aggravated Burglary" and that "the child has been convicted/pled guilty to a firearm specification." However, the terms "guilty plea" and "conviction" are not appropriate in an SYO dispositional journal entry. For the reasons previously explained, a child in the juvenile court does not plead guilty and is not convicted of a crime when the child admits he committed acts that would constitute felonies if committed by an adult, even when he receives an SYO blended sentence. Indeed, the juvenile court's August 11, 2020 journal entries state, in relevant part:

> The child voluntarily withdraws the former plea of denial and admitted the allegation of the complaint as amended. The Court accepted such admission after personally addressing the child pursuant to Juvenile Rule 29.

Thus, even the court's own record reflects that appellants admitted the allegations of the amended complaint rather than pleaded guilty to them.

**{¶ 18}** The sole assignment of error is sustained.

**{¶ 19}** The trial court's judgment is reversed. We remand the case to the trial court to strike any references to convictions or guilty pleas in its September 19, 2020, journal entries.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR