[Cite as *In re C.B.G.*, 2026-Ohio-950.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

IN RE: C.B.G.

:
:    C.A. No. 30624
:
:    Trial Court Case No. A-2024-002676-0C
:
:    (Appeal from Common Pleas Court-Juvenile Division)
:
:    **FINAL JUDGMENT ENTRY & OPINION**

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on March 20, 2026, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with the opinion.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

MICHAEL L. TUCKER, JUDGE

LEWIS, P.J., and HUFFMAN, J., concur.

OPINION

FAITH M.R. EDWARDS, Attorney for Appellant
JONATHAN D. MURRAY, Attorney for Appellee State of Ohio

TUCKER J.

{¶ 1} C.B.G., a minor, appeals from a judgment denying his motion to strike the words "guilty" and "conviction" in the juvenile court's order of disposition and judgment. For the following reasons, we reverse the judgment of the trial court.

## I. Facts and Procedural Background

{¶ 2} In June 2024, a complaint was filed against C.B.G. in the Montgomery County Common Pleas Court, Juvenile Division. The complaint alleged that C.B.G. had committed an offense that, if committed by an adult, would have constituted the offense of felonious assault (serious physical harm), a second-degree felony under R.C. 2903.11(A)(1). The State of Ohio filed a motion to transfer the case to the Montgomery County Court of Common Pleas, General Division in order to try C.B.G., who was 17 years old at the time of the offense, as an adult. Thereafter, C.B.G. waived indictment which permitted the State to proceed on a bill of information. C.B.G. was then charged, in the bill of information, with felonious assault (serious physical harm) along with a serious youthful (SYO) specification. The State withdrew the motion to transfer on March 3, 2025. On that date, C.B.G. admitted to one count of felonious assault with an SYO specification.

{¶ 3} On the juvenile portion of the case, the court's disposition included C.B.G.'s commitment to the Department of Youth Services for a minimum of one year and a maximum period not to exceed his twenty-first birthday. The court also sentenced him to a prison

2

term of eight to ten years under the SYO specification.   The adult sentence was stayed pending the C.B.G.'s successful completion of the juvenile disposition.

**{¶ 4}** The juvenile court's judgment entry stated that C.B.G. "entered a written plea agreement in open court in which he pled guilty to the charge of Felonious Assault (Serious Physical Harm) and Serious Youth Offender Specification."   The court also stated that "the juvenile entered a plea of guilty to the charge of Felonious Assault (Serious Physical Harm) and Serious Youth Offender Specification."   The court further stated that it "ACCEPTS the juvenile's plea and FINDS the juvenile guilty of the offense to which said plea was entered." Finally, the trial court's judgment included a statement that the juvenile had been convicted of felonious assault.

**{¶ 5}** C.B.G. filed a motion in the trial court seeking to strike all references to the trial court's use of the terms "conviction/convicted" and "guilty/guilty plea."   The trial court overruled the motion.

**{¶ 6}**  C.B.G. appeals.

## II. Analysis

**{¶ 7}** The sole assignment of error asserted by C.B.G. states as follows:

THE MONTGOMERY COUNTY JUVENILE COURT ERRED BY DENYING

C.G.'S MOTION TO STRIKE BECAUSE A CHILD DOES NOT ENTER A

GUILTY PLEA OR RECEIVE A CONVICTION WHEN THE CHILD RECEIVES

A SERIOUS YOUTHFUL OFFENDER DISPOSITION.

**{¶ 8}** C.B.G. contends the juvenile court erred by denying his motion to strike the portions of the journal entry in which the court utilized the term "guilty plea" and the word "conviction" which he argues are improper in the juvenile court setting.   In support, he cites *In re J.L.*, 2021-Ohio-3823 (8th Dist.).

3

**{¶ 9}** In *J.L.*, the Eighth District addressed the exact issue raised in this appeal.[1] The court ruled that the use of the words "guilty plea" and "conviction" are inappropriate in a juvenile case, even one with a serious youth offender specification, stating as follows:

> Historically, juvenile courts were designed "to provide for the care, protection, and mental and physical development of children, to protect the public from wrongful acts committed by juvenile delinquents, and to rehabilitate errant children and bring them back to productive citizenship." *In re Caldwell*, 76 Ohio St.3d 156, 158, 666 N.E.2d 1367 (1996), citing R.C. 2151.01. In *Caldwell*, the court emphasized that "[p]unishment is not the goal of the juvenile system, except as necessary to direct the child toward the goal of rehabilitation." *Id.*
>
> After *Caldwell* was decided, the Ohio General Assembly enacted R.C. Chapter 2152.13, Ohio's Serious Youthful Offender statute, which allows the juvenile court to impose more punitive, adult sanctions than those previously imposed on youthful offenders. *See* R.C. 2152.13. R.C. 2152.11(A) establishes various dispositions for children adjudicated delinquent and states that a juvenile defendant who commits certain acts is eligible for "a more restrictive disposition." The "more restrictive disposition," known as the SYO disposition, creates a blended sentence that combines a traditional juvenile disposition with a stayed adult sentence. R.C. 2152.13. Under this framework, the adult sentence remains stayed and is never invoked unless the juvenile fails to successfully complete his or her traditional juvenile disposition.

---

[1] Decided in 2021, *J.L.* involved what the court noted was "a case of first impression." *Id.* at ¶ 11. We have not found, and the parties have not cited, any other case addressing this issue.

4

R.C. 2152.13(D)(2)(a)(iii). Moreover, a juvenile charged as a potential SYO is not automatically bound over to an adult court. Rather, the case remains in the juvenile court, whose goals are rehabilitative rather than punitive. *In re D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209, ¶ 18; *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, ¶ 14.

. . .

[T]he criminal rules and statutes referenced in R.C. 2152.13 apply to ensure that the constitutional rights of potential SYOs are protected. Immediately after stating that these adult criminal provisions apply while the child is detained and awaiting adjudication, the statute goes on to state that "[t]he juvenile court shall afford the child all rights afforded a person who is prosecuted for committing a crime including the right to counsel and the right to raise the issue of competency." R.C. 2152.13(C)(2). Moreover, application of adult criminal rules to potential SYOs does not change the fact that SYOs remain within the juvenile court's jurisdiction unless or until the offender fails to complete the juvenile portion of his or her disposition.

"The Ohio Juvenile Rules are designed to keep juvenile dispositions private." *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 66. "Confidentiality promotes rehabilitation by allowing the juvenile to move into adulthood without the baggage of youthful mistakes." *Id.* at ¶ 67. Although R.C. 2152.13(C)(2) and 2152.13(D)(2)(a)(i) refer to Ohio criminal rules and statutes, there would be no reason to keep SYO offenders within the juvenile system if the legislature intended for them to be treated as adults. If the legislature had wanted SYOs to be treated as adults, it could have required

5

all potential SYOs to be bound over to adult court, but it did not. Although the SYO statute allows the juvenile court to impose an adult sentence on a juvenile, the adult sentence remains stayed, and indeed may never be invoked, if the juvenile successfully completes his or her traditional juvenile disposition. R.C. 2152.13(D)(2)(a)(iii). Keeping SYOs within the juvenile court's jurisdiction as long as they successfully complete the juvenile disposition supports the juvenile court's goals of rehabilitation and correction.

Furthermore, the words "conviction" and "guilty plea" are not mentioned anywhere in either R.C. 2152.11 or 2152.13, the statutes authorizing the imposition of an SYO disposition. These statutes refer only to adjudications. *See*, *e.g.*, R.C. 2152.11(A) ("A child who is adjudicated a delinquent child for committing an act that would be felony if committed by an adult is eligible for a particular type of disposition under this section if the child was not transferred under 2152.12 of the Revised Code."); *see also* R.C. 2152.13(D) (authorizing the imposition of a mandatory or discretionary SYO sentence if 'a child is adjudicated a delinquent child' under certain circumstances). Felony convictions may remain on a person's record for the remainder of his or her life. *See* R.C. 2953.32 (providing courts discretion to seal records of convictions). Finding that a juvenile pleaded guilty and was convicted of crime may have unintended consequences, such as impacting the individual's future employment or college applications. This is particularly concerning since the adult portion of the sentence may never be invoked. Such long-term consequences are contrary to the goals of the juvenile court system.

The term "conviction" only appears in the reverse bindover statute,

which requires an adult trial court to transfer a case back to the juvenile court for disposition if a juvenile, who was transferred to adult court for criminal prosecution, is ultimately convicted of crimes that would have only subjected the juvenile to discretionary, rather than mandatory, transfer proceedings. R.C. 2152.121(B)(3)(a); *State v. D.B.*, 150 Ohio St.3d 452, 2017-Ohio-6952, 82 N.E.3d 1162, ¶ 12-13. In that scenario, R.C. 2152.121(B)(3)(a) provides, in relevant part, that:

> the juvenile court shall notify the court in which the child was convicted of or pleaded guilty to the offense, the sentence imposed upon the child by that court shall terminate, the court and all other agencies that have any record of the conviction of the child or the child's guilty plea shall expunge the conviction or guilty plea and all records of it, *the conviction or guilty plea shall be considered and treated for all purposes . . . to have never occurred, and the conviction or guilty plea shall be considered and treated for all purposes other than as provided in this section to have been a delinquent child adjudication of the child.*

(Emphasis added.) Thus, even when a child is bound over for criminal prosecution and pleads guilty to offenses in adult court, R.C. 2152.121(B)(3)(a) provides that the record of conviction and guilty plea must be expunged and treated as if it had never occurred if the child is transferred back to juvenile court and receives an SYO sentence. If children who have been bound over to adult court and returned to the juvenile court must have their convictions and guilty pleas expunged, we can only conclude that the

7

terms "conviction" and "guilty plea" are not permitted in dispositional journal entries where the child was never bound over for criminal prosecution in the first place.

Because the SYO disposition is a blended sentence that includes a suspended prison term, the use of the word "sentence" is appropriate. However, just because the word "sentence" is used in the SYO context does not mean the terms "guilty plea" and "conviction" are also appropriate. R.C. 2152.13, which governs the SYO dispositional sentence, repeatedly uses the word "sentence" but never mentions the words "conviction" or "guilty plea."

. . . However, the terms "guilty plea" and "conviction" are not appropriate in an SYO dispositional journal entry. For the reasons previously explained, a child in the juvenile court does not plead guilty and is not convicted of a crime when the child admits he committed acts that would constitute felonies if committed by an adult, even when he receives an SYO blended sentence.

(Footnote omitted.) *Id.* at ¶ 9-10, 12-17.

{¶ 10} We agree with the reasoning and the holding of the Eighth District. As such, we conclude that the trial court erred by utilizing the words, and any variations thereof, "conviction," and "guilty plea" in the juvenile court's judgment entry.

{¶ 11} The sole assignment of error is sustained.

### III. Conclusion

{¶ 12} The judgment of the trial court is reversed, and this matter is remanded for further proceedings in accordance with this opinion.

. . . . . . . . . . . . .

LEWIS, P.J., and HUFFMAN, J., concur.

8