[Cite as *In re D.T.C.*, 2022-Ohio-1505.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE D.T.C.                                          :

A Minor Child                                        :

                                                              No. 111080

                                                     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 5, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Court Division
Case No. DL-20109764

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Kyle Dillon, Assistant Prosecuting Attorney,
*for appellee.*

Charles Ruiz-Bueno Co., L.P.A., and J. Charles Ruiz-
Bueno, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} D.T.C. appeals the disposition ordered by the Cuyahoga County Court of Common Pleas, Juvenile Division ("juvenile court"), after she was adjudicated delinquent of conduct that constituted multiple felony counts had the acts been committed as an adult, arising from her participation in a drive-by shooting. Upon

review, we affirm the juvenile court's disposition that committed appellant to the Ohio Department of Youth Services ("ODYS").

{¶ 2} D.T.C. was involved in a drive-by shooting targeting two victims. Based on the evidence presented at the adjudication hearing, and as was concluded by the juvenile court, her conduct constituted felonious assault, a felony of the second degree, discharge of firearm on or near prohibited premises, a felony of the third degree, and improperly handling firearms in a motor vehicle, a felony of the fourth degree, if the offenses were committed by an adult. In addition, D.T.C. was found to have committed the "five-year drive by shooting" specification under R.C. 2941.146(A). Based on the delinquency findings, the juvenile court imposed a minimum period of 12 months at a secured facility and a maximum term not to exceed D.T.C.'s attaining the age of 21 for the felonious assault, and a minimum period of six months and the same maximum term for the improper handling of a firearm violations. The juvenile trial court also imposed a definite term of six months for the drive-by shooting specification under R.C. 2152.17(B)(1). The latter term was to be served prior and consecutive to the term imposed for the felonious assault. As a result, D.T.C. must serve a minimum aggregate term of 18 months in the secured facility, up to a maximum of her attaining the age of 21.

{¶ 3} D.T.C. appeals an extremely narrow facet of the juvenile court's decision, that the trial court imposed a five-year term under R.C. 2152.17 and that the aggregate minimum term to be served in the secured facility should be one year plus whatever definite term the trial court imposes on the drive-by shooting

specification not to exceed one year. D.T.C.'s argument is without merit. The juvenile court did not impose a five-year definite term upon any of the violations, much less the drive-by shooting specification. In fact, the juvenile court's sentencing entry already provides for the relief D.T.C. now requests. D.T.C. was sentenced to serve a minimum aggregate term of 18 months in a secured facility, with the maximum term of her attaining the age of 21.

{¶ 4} Under R.C. 2152.17(B)(2), which is applicable based on the trial court's conclusion that D.T.C. was not the primary offender and was merely complicit in the drive-by shooting, the court has discretion "to commit the child to the department of youth services for the specification for a definite period of not more than one year." After reciting the terms imposed at the secure facility for the underlying violations, the juvenile court stated as follows as it relates to the disputed drive-by shooting specification:

> The child herein is placed to the legal custody of the [ODYS] for a violation of a one year firearm specification set forth in R.C. 2941.141(A) and five year "Drive By Shooting" specification set forth in R.C. 2941.146(A), concurrently, for institutionalization in a secure facility *for a definite term consisting of (6) months* and a maximum period not to exceed the child's attainment of the age of twenty-one (21) years[1] to be served in addition to and prior to the underlying commitment in count 1.

Thus, although the juvenile court colloquially referenced the "drive by shooting" specification under R.C. 2941.146(A) as being the "five year" specification, it did not

---

[1] In this appeal, D.T.C.'s sole focus is on the definite term imposed on the drive-by shooting specification. The disposition has not been challenged in any other respect as required under App.R. 16(A)(7), and the state is asking this court to affirm the judgment as written. We render no conclusions over the indefinite term imposed on the drive-by

actually impose a definite five-year term at the secure facility. The definite term imposed is six months — a sentence within the range of the relief D.T.C. is seeking in this appeal.

{¶ 5} According to the unambiguous language in the entry from which D.T.C. appealed, the juvenile court complied with R.C. 2152.17(B)(2) and imposed the definite term of six months to be served prior to the minimum terms imposed on the remaining offenses. D.T.C. presents no other arguments for our review, and as a result, we overrule the sole assignment of error as presented. App.R. 16(A)(7).

{¶ 6} We affirm.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution. The finding of delinquency having been affirmed, any bail or stay of execution pending appeal is terminated. Case remanded to the trial court for further proceedings consistent with this opinion.

---

shooting specification. "[A]ppellate courts do not sit as self-directed boards of legal inquiry and research, but preside essentially as arbiters of legal questions presented and argued by the parties before them." *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19, quoting *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part). Whether the indefinite term of commitment in the secured facility is authorized under R.C. 2152.17(B)(2) is not within the scope of our review.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR