[Cite as *In re D.T.C.*, 2022-Ohio-3037.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE D.T.C.

A Minor Child

:
:
:
:
:
:

No. 111080

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DISMISSED
**RELEASED AND JOURNALIZED:** August 30, 2022

---

Cuyahoga County Court of Common Pleas
Juvenile Division
Application for Reopening
Motion No. 556988

---

### *Appearances:*

Timothy Young, Ohio Public Defender, and Lauren Hammersmith, Assistant State Public Defender, *for appellant*.

SEAN C. GALLAGHER, A.J.:

{¶ 1} D.T.C. has filed an application for reopening pursuant to App.R. 26(B). D.T.C. seeks to reopen the appellate judgment, rendered in *In re D.T.C.*, 8th Dist. Cuyahoga No. 111080, 2022-Ohio-1505, that affirmed the adjudication of delinquent conduct, in *In re D.T.C.*, Cuyahoga J.C. No. DL-20109764, which

constituted multiple felony counts had the acts been committed as an adult, arising from her participation in a drive-by shooting. We dismiss the application for reopening on the basis that App.R. 26(B) is not applicable to an appeal that involves a juvenile court's adjudication of delinquency.

{¶ 2} App.R. 26(B)(1) provides that "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." The Ohio Supreme Court has established that a juvenile proceeding is civil in nature, does not involve a criminal case, and does not involve a conviction and sentence.

> Juvenile courts hold a "unique place in our legal system." *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 65. They are legislative creatures that "eschewed traditional, objective criminal standards and retributive notions of justice." *Id.* at ¶ 66. The overriding purposes for juvenile dispositions "are to provide for the care, protection, and mental and physical development of children subject to R.C. Chapter 2152, protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim, and rehabilitate the offender." R.C. 2152.01(A). In contrast, the purposes of felony sentencing "are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In summary, juvenile adjudication differs from criminal sentencing—one is civil and rehabilitative, the other is criminal and punitive.

*State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, ¶ 14. *See also State v. Smith*, Slip Opinion No. 2022-Ohio-274; *State v. Kimbrough*, 8th Dist. Cuyahoga Nos. 108172 and 108173, 2020-Ohio-3175; *In re C.L.*, 8th Dist. Cuyahoga No. 104661, 2017-Ohio-7253.

**{¶ 3}** Because App.R. 26(B) references only an appeal from a criminal conviction and sentence, and a juvenile proceeding is civil in nature, we find that D.T.C. is not permitted to file an application for reopening in the appeal rendered in *In re D.T.C., supra.*

**{¶ 4}** Application dismissed.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR