[Cite as *State v. Anderson*, 2026-Ohio-2152.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

STATE OF OHIO

    Plaintiff – Appellee

-vs-

BRAYDON M. ANDERSON

    Defendant - Appellant

Case No. CT2025-0126

Opinion And Judgment Entry

Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0472

Judgment: Reversed and Remanded

Date of Judgment Entry: June 5, 2026

BEFORE:    Craig R. Baldwin, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: Joseph A. Palmer, for Plaintiff-Appellee; April F. Campbell, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}    Appellant Braydon M. Anderson appeals his sentence following his guilty plea, arguing that the trial court erred in imposing sentence. For the reasons below, we agree and reverse and remand for resentencing.

*Facts & Procedural History*

{¶2}    The following facts are adduced from the plea and sentencing hearings.

{¶3}    On July 4, 2025, law enforcement stopped Anderson for making an improper turn.  Anderson was driving a vehicle registered to Braxton Bailey. Three passengers were in the car: two sixteen-year-olds and one eighteen-year-old. During the

stop, Anderson appeared incoherent, had slurred speech, smelled of marijuana, and struggled to provide identification. A search of the vehicle revealed needle-nosed pliers, face masks, and a firearm.

{¶4} Anderson was initially charged via a seven-count indictment: Count 1 – possession of a controlled substance (marijuana), in violation of R.C. 2925.11(A), a minor misdemeanor; Count 2 – endangering children, in violation of R.C. 2919.22(C)(1), a first-degree misdemeanor; Count 3 – endangering children, in violation of R.C. 2919.22(C)(1), a first-degree misdemeanor; Count 4 – OVI, in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor; Count 5 – improper handling of a firearm in a motor vehicle, in violation of R.C. 2923.16(B), a fourth-degree felony; Count 6 – improper handling of a firearm in a motor vehicle, in violation of R.C. 2923.16(D)(1), a fifth-degree felony; and Count 7 – possessing criminal tools, in violation of R.C. 2923.24(A), a fifth-degree felony.

{¶5} On September 22, 2025, Anderson executed a plea of guilty form agreeing to plead guilty to Counts 2, 4, and 7 in exchange for the State dismissing Counts 1, 3, 5, and 6. The parties jointly recommended a sentence of community control.

{¶6} At the plea hearing, the State summarized the facts underlying the charges and clarified that Count 7, possessing criminal tools, related to the face masks and needle-nosed pliers, but not the firearm. Regarding the firearm found in the vehicle, the prosecutor stated, "[t]here was also a firearm, which Mr. Anderson is not pleading to today. There would be issues if he knew about them [sic]. He denied knowing about them [sic] in the car." The State also noted that the vehicle Anderson was driving was registered to another person.

{¶7} At the sentencing hearing on November 4, 2025, the trial court discussed with Anderson and his counsel Anderson's "prior history" - specifically that Anderson had

been adjudicated delinquent at age fifteen for complicity to commit aggravated robbery and complicity to commit felonious assault. The court stated, "[w]ell, based upon your prior history, I'm not inclined to follow the joint recommendation," and imposed the following sentence: 180 days of local incarceration on Count 2, 180 days of local incarceration on Count 4, and eleven months in prison on Count 7, all to run concurrently, for an aggregate prison sentence of eleven months. After sentence was imposed, counsel for Anderson asked the court to reconsider and to impose the jointly recommended sentence of community control. The trial court denied the request.

{¶8} In a November 5, 2025, judgment entry, the trial court stated that "the court made judicial findings that the defendant has prior juvenile conspiracy charges."

{¶9} Anderson appeals from the November 5, 2025, judgment entry of the Muskingum County Court of Common Pleas, and assigns the following as error:

{¶10} "ANDERSON'S SENTENCE WAS UNCONSTITUTIONAL, VIOLATED R.C. 2953.08, WAS NOT SUPPORTED BY THE RECORD, AND WAS CONTRARY TO LAW. IT ALSO ABUSED ITS DISCRETION WHEN IT DENIED ANDERSON'S MOTION TO RECONSIDER HIS SENTENCE."

I.

{¶11} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08 provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I), or the sentence is otherwise contrary to law. *Id.*

**{¶12}** R.C. 2929.13(B)(1)(a) creates a presumption in favor of community-control sanctions for nonviolent fourth-and fifth-degree felonies when specified criteria are met. Anderson argues that because he satisfied the criteria in R.C. 2929.13(B)(1)(a), the trial court was required to impose community control rather than a prison sentence. The parties do not dispute that the statutory criteria set forth in R.C. 2929.13(B)(1)(a) were satisfied in this case.

**{¶13}** The presumption in favor of community control is subject to the exceptions listed in R.C. 2929.13(B)(1)(b), including circumstances where the offender: committed the offense while having a firearm on or about the offender's person or under the offender's control; caused physical harm to another person while committing the offense; violated bond conditions; attempted or threated physical harm with a deadly weapon; had previously served a prison term; or committed the offense while under community control, probation, or release on bond or recognizance.

**{¶14}** At the sentencing hearing, the trial judge explained his decision to reject the jointly recommended sentence of community control by stating, "[w]ell, based upon your prior history, I'm not inclined to follow the joint recommendation." Likewise, the sentencing entry referenced Anderson's "prior juvenile conspiracy charges." The only "prior history" discussed at sentencing or otherwise contained in the record was Anderson's juvenile adjudications for complicity to commit aggravated robbery and complicity to commit felonious assault, committed when he was fifteen years old.

**{¶15}** This Court has previously held that a trial court may not use a prior juvenile adjudication as a triggering exception to impose prison time. Likewise, we find here that Anderson's prior juvenile adjudications were insufficient to trigger an exception under R.C. 2929.13(B)(1)(b) making Anderson eligible for a prison term. See *State v. Morrell*,

2025-Ohio-2878 (5th Dist.). The Supreme Court of Ohio has explained that "treating a juvenile adjudication as an adult conviction to enhance a sentence for a later crime is inconsistent with Ohio's system for juveniles, which is predicated on the fact that children are not as culpable for their acts as adults and should be rehabilitated rather than punished." *State v. Hand*, 2016-Ohio-5504, ¶ 38.

{¶16} Although the trial judge found otherwise, none of the R.C. 2929.13(B)(1)( b) provisions that might have made Anderson eligible for a prison term are evident in the record from the plea change. The presentence report does indicate that Anderson had previously been found delinquent on two felony-level complicity charges when he was a juvenile, but nothing in R.C. 2929.13(B)(1)(b) suggests that a prior delinquency adjudication makes prison eligible an adult offender who is being sentenced for an F4 or F5 non-violent offense. (In fact, even had those delinquency adjudications been adult convictions, their existence alone would not be enough under R.C. 2929.13(B)(1)(b) to make Anderson prison eligible.)  To be sure, an F4 or F5 defendant who has "previously. . . served [] a prison term" is, under R.C. 2929.13(B)(1)(b)(ix), prison eligible, but nothing in the record suggests that Anderson had ever been to prison before.

{¶17} Aside from Anderson's juvenile adjudications, the trial court did not identify any other exceptions contained in R.C. 2929.13(B)(1)(b) that are applicable in this case.  We recognize that the record before this Court is limited because Anderson pled guilty and the factual development at the plea and sentencing hearings was minimal. Though other R.C. 2929.13(B)(1)(b) exceptions may apply, none are readily apparent from the limited record provided to this Court.

{¶18} We therefore conclude that Anderon's sentence is contrary to law. We note that the State concedes on appeal that the trial court improperly relied on Anderson's

juvenile adjudications as a "prior record" of conviction and requests that this matter be remanded for resentencing.

{¶19} Anderson's assignment of error is sustained.

{¶20} The judgment of the Muskingum County Court of Common Pleas is reversed and remanded to the trial court for resentencing consistent with this opinion.

{¶21} Costs waived.


By: Popham, J.

Baldwin, P.J. and

Gormley, J., concur